No. 2,296.

WM. LARGAN, (Administrator of the Estate of ED. LARGAN, deceased),
APPELLANT, *v.* CENTRAL RAILROAD COMPANY, RESPONDENT.

EVIDENCE.—PROVINCE OF JURY.—WITNESS.—The deduction of conclusions
from facts proved is not the province of a witness but of a jury; such
evidence is purely matter of opinion and not the statement of a fact,
and should be excluded.

APPEAL from the District Court of the Fourth District,
City and County of San Francisco.

Defendant is a railroad corporation, and the complaint
alleges that, on the 21st day of May, 1868, the defendant
by its servants, workmen or agents, was running and pro-
pelling a car on its road along Turk street near Larkin
street in the city of San Francisco; and that the defendant
by its servants, workmen and agents, or some one of them,
then and there so carelessly and negligently conducted, man-
aged and propelled their said car, that the car with the
horses attached thereto, ran against, knocked down and ran
over the deceased Edward Largan, without any fault or neg-
lect on his part, wounding and lacerating him and crushing
him beneath the wheels of the car, and otherwise injuring
him so that he died.

The cause was tried by a jury, who returned a verdict for
defendant. Plaintiff moved for a new trial which was
denied, and from the judgment and order overruling plain-
tiff's motion for a new trial, this appeal is taken.

The other facts are stated in the opinion.

*E. A. Lawrence* and *C. H. Sawyer,* for Appellant.

*First*—The driver was guilty of gross negligence by leav-
ing his team and collecting the fare. *(Mangan* v. *Brooklyn
Railroad Company,* 38 N. Y. 460.)

*Second*—The company was guilty of gross negligence in
leaving the car in charge of only one driver.

*Third*—Fault will be inferred merely from the injury, the defendant being a common carrier. (*Terry* v. *N. Y. Central Railroad Company*, 23 Barb. 574.)

*Fourth*—Negligence cannot be imputed to the child. A child seven and a half years of age is not expected to exercise foresight. It is only expected of persons of maturer years. (*Lynch* v. *Murdin*, 41 Eng.; Com. Lad. 422; *Daly* v. *Norwich R. R. Co.* 26 Conn. 591; *Robinson* v. *Cone*, 22 Vermont; *Honesburgher* v. *The 2d Av. R. R. Co.* 33 How. Pr. 195; *Mangan* v. *Brooklyn R. R. Co.* 38 N. Y. p. 457.)

*Fifth*—The parents were not guilty of negligence. (*Mangan* v. *Brooklyn R. R. Company*, 38 N. Y. 455; 36 Barb. 230.)

*Sixth*—The Court erred in refusing to permit plaintiff's counsel to prove that it was a common practice for children along Turk street to run after the cars, and get upon the platforms, and that said practice was induced by the fact that the cars had no conductor, and often were propelled without a driver.

*A. J. Gunnison*, for Respondent.

*First*—The question as to whether or not the deceased was of such age and intelligence as to be capable of exercising foresight and care, or could be guilty of negligence, was properly left to the jury under the evidence. That a child seven and one half years of age is or is not capable of exercising such care is a fact to be left to the jury to decide on the whole evidence. (See *Mangan* v. *Brooklyn Railroad Co.* 38 N. Y. 460; 33 Howard's Rep. 195.) This question was left to the jury in this case on the evidence produced, under such instructions from the Court on request of plaintiff, and no exceptions were taken to the charge of the Court thereon.

*Second*—The evidence shows that both the plaintiff and the deceased were guilty of carelessness and negligence, which directly contributed to the injury, and the plaintiff cannot recover in this action. (*Kline* v. *C. P. R. R. Co.* 37 Cal., p. 407; *Gay* v. *Winter*, 34 Cal., p. 153, and

cases there cited; 20 N. Y. p. 69; 32 .Barb., p. 657; 33 Barb., p. 429; 36 Barb., p. 230.

*Third*—The Court will not disturb the verdict where there is a substantial conflict in the testimony, and no rule of law appears to have been violated. (*Rice* v. *Cunningham*, 29 Cal., 492; *Kile* v. *Tubbs*, 32 Id. 332; *Peterie* v. *Bugbey*, 24 Id. 419.)

CROCKETT, J., delivered the opinion of the Court, RHODES, C. J., and WALLACE, J. concurring:

This is an action for damages for the alleged negligence of the defendant, resulting in the death of the plaintiff's son, a child seven years old. The cause was tried before a jury, which returned a verdict for the defendant; and we discover nothing in the record which would justify us in disturbing the verdict. The only ruling of the Court on the trial which is complained of was in respect to the exclusion of certain testimony by the witness, McMahon. The plaintiff proposed to ask this witness whether it was not the daily practice of the defendant's cars to run along without a driver, and whether this fact did not induce a practice among the children along that street to run along with the cars and get upon the platform. It was wholly immaterial in this case whether it was the usual practice of the defendant to permit its cars to run without drivers, inasmuch as it clearly appears that, on the occasion when the plaintiff's son was killed, the car was *not running* without a driver. On the contrary, all the evidence shows that there was a driver aboard the car, and that at the time of the accident he had stepped back into the car to collect the fares. Nor was it possible for the witness, even if the practice of running the cars without drivers prevailed, to state whether this practice induced the children to get upon the platform. It would have been purely a matter of opinion, and not the statement of a fact. It was the province of the jury, and not of the witness, to deduce conclusions from the facts proved.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.

Mr. Justice TEMPLE, being disqualified, did not partici-
pate in the decision.