JAMES J. FITZPATRICK *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk. November 17. — 18, 1879. MORTON & SOULE, JJ., absent.

In an action against a railroad corporation for personal injuries occasioned to the plaintiff, a boy nine years old, by being struck by a train of cars run by the defendant along a highway, evidence that, prior to the accident, the plaintiff had been seen on the tracks, and had been warned not to go there, is admissible upon the question whether he was using due care.

TORT for personal injuries occasioned to the plaintiff, a boy nine years old, by being struck by a car of the defendant.

At the trial in this court, before *Ames*, J., it appeared that the tracks of the defendant's railroad at the place of the accident were along a highway in that part of Boston formerly Charlestown. The plaintiff testified that he had been in the habit of collecting hay-seed, which fell upon the tracks from the defendant's cars; that at the time of the accident he was alongside the track on his way home; that he saw the rear of a car, standing still, ahead of him upon the track; that he stopped and was looking across the street, when he heard a bump of the cars, looked round, and was struck on his shoulder and knocked down by the car.

Michael McEllhany, a watchman and policeman in the defendant's employ, testified that, previously to the accident, he had warned the plaintiff not to go on the defendant's track; that on the day before the accident he saw the plaintiff on the track sweeping up hay-seed; that the plaintiff did not notice a hay train which was backing down on him, and the witness caught him up and asked him what he was doing, and he said his mother sent him to get hay-seed; and that the witness told him that he

would get killed, and to go home and tell his mother not to send him there again.

One Palmer, a policeman, also testified, against the plaintiff's objection, that he had seen the plaintiff on the defendant's tracks almost every night before the accident, and had told him to keep off; and that he had seen the plaintiff hanging on the cars while in motion, and frequently cautioned him not to do it.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the admission of the above evidence.

*A. A. Ranney*, for the plaintiff.

*E. D. Sohier & C. A. Welch*, for the defendant.

BY THE COURT. The testimony was competent to prove that the boy had been previously warned, and was therefore aware of the danger, as tending to show that he was not using due care at the time of the accident; and it does not appear to have been admitted for any other purpose.

*Exceptions overruled.*