[No. 9044. Department Two. — May 24, 1887.]

ANDREW F. CRAVEN ET AL., APPELLANTS, v. CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

72 345
f135 139

72 345
140 305

72 345
147 280

NEGLIGENCE — RAILROAD — JUMPING OFF MOVING CARS — PROXIMATE CAUSE — INSTRUCTION. — The action was brought to recover damages for injuries received by the plaintiff in alighting from a train of cars belonging to the defendant. The main point at issue was, whether the injury was caused by the sudden starting of the cars after they had stopped, without giving the plaintiff a reasonable time to alight, or by her negligently jumping from the train while it was in motion. On this issue the evidence was conflicting. The court, after charging the jury as to the duty of railroad companies to stop their trains a reasonable time in order to allow passengers to alight, instructed them that the plaintiff could not recover if her negligence caused or contributed to the injury. *Held*, that the instruction was proper, and that the omission therefrom of the word "proximate" was immaterial, as under the circumstances the negligence, if any, of the plaintiff, must have proximately contributed to the injury.

ID. — EVIDENCE OF PREVIOUS SIMILAR NEGLIGENCE. — In such a case, evidence that the plaintiff had within a year previous to the accident, frequently traveled over the route in question, had frequently jumped off the cars while in motion, and had been warned against the danger of so doing, is admissible.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Alfred H. Cohen,* and *Robinson, Olney & Byrne,* for Appellants.

*Wilson & Wilson,* for Respondent.

McFARLAND, J.—This is an appeal from an order of the court below denying appellants' motion for a new trial.

The action was brought to recover damages for personal injuries received by the appellant Nettie R. Craven, who is the wife of the other appellant, in alighting from a

train of cars of respondent.  As she was about to get off the train at, or near, a place called Willow Street Station, in Alameda County, she was either thrown or fell violently to the ground, and was injured; and the main question in the case was one of fact, namely: After the train had stopped, did respondent's employees, without giving appellant a reasonable time to alight, carelessly and suddenly start it, and thus cause her to fall, or did she carelessly and needlessly jump from the train while it was in motion, and thus cause or contribute to her own injury?  Upon this question the evidence was conflicting, — although, so far as the record shows, the weight of it was against appellants, — and the jury found a verdict for respondent.  Under these circumstances, the verdict should not be set aside and a new trial ordered, unless there were clear errors of law occurring at the trial, which might reasonably have affected the jury to the prejudice of appellants.

The two grounds of error mainly relied on by appellants' counsel are: 1. A certain omission in the charge of the court to the jury; and 2. The overruling of appellants' objection to certain evidence.

1. The court instructed the jury very fully as to the duty of railroad companies when stopping at stations for the discharge of passengers.  They were told that "a railroad company carrying passengers for hire has not discharged its duty, or relieved itself from liability to them, until it has stopped at the end of their journey a reasonable time for them to get off the train in safety"; also, "If you believe the defendant did not afford the plaintiff Mrs. Craven a reasonable time for this purpose, but started the train suddenly while she was in the act of getting off the car and before she had time to alight, it failed to perform its duty, was guilty of negligence, and is liable to her for damages she has suffered thereby, not exceeding twenty thousand dollars."  Other instructions were given to the same effect.  But the court in-

structed the jury that if the negligence of the plaintiff caused or contributed to the injury complained of, she was not entitled to recover; and appellants contend that a new trial should be granted because the court, in its charge on this point, omitted the qualification, that in order to defeat a recovery the negligence of plaintiff must have contributed *proximately* to the injury.

A general definition of contributory negligence should, no doubt, include the word "proximate," although it is doubtful if juries attach any very definite meaning to that word. And if, in the case at bar, there were any room for doubt whether the alleged negligence of plaintiff contributed proximately or remotely to the injury, the point here made by appellants might be material. But the whole evidence revolved around this one question, Did the plaintiff, *at the very time of the accident*, negligently jump off the train while it was moving, and thus cause or contribute to the injury? If she did not, then the verdict should have been for plaintiffs. If she did, then there can be no doubt that her negligence contributed *proximately* to the injury. It was the very thing which, then and there, directly and immediately caused it. Under these circumstances, if the court had used the word "proximately" in its instructions, their effect upon the jury would not have been changed; and it would be a vain and unwarrantable thing to order an entire new trial of this action in order to allow the judge of the court below to insert in his charge a word which, when there, would be of no practical consequence.

2. The second point made by appellants is more difficult of solution. There being a conflict of evidence as to the averment that plaintiff carelessly jumped off the train while it was moving, at the time of the injury, the court, against the objections of plaintiffs, allowed defendant to introduce evidence to show that, within the year preceding the accident, plaintiff had frequently traveled over that route, had frequently jumped off the cars while

in motion, and had been warned against the danger of doing so. This ruling is assigned as an error for which a new trial should be granted.

There is no doubt of the general rule applicable to criminal cases, that, on the trial of a defendant for the particular crime charged, evidence of the commission by him of other crimes cannot be introduced. The same rule seems to apply in civil cases, when it is sought to show that some specific act was done maliciously, or that it was done intentionally with some definite purpose, and not carelessly from mere force of habit. But when, in the absence of any question of evil intent, or of any intent at all, the point of fact to be determined is, whether or not a person did a certain thing, or did it in a particular way, and the direct testimony as to the fact is conflicting, then evidence is admissible to show that he was in the habit of doing the thing in question, or accustomed to do it in a particular way. A sensible man, called upon, out of court, to determine whether or not a certain person had on a certain occasion carelessly jumped off a moving train of cars, and finding the direct testimony as to the matter conflicting, would naturally and properly give *some* weight to the fact that the person was in the habit of alighting from cars in that manner; and the consideration of such a fact in cases resembling the one at bar has frequently been sanctioned *in* court. The evidence, at least, had some legal tendency to show that plaintiff's conduct at the time of the injury was such as defendant ascribed to her.

In *Fitzpatrick* v. *Fitchburg R. R. Co.*, 128 Mass. 13, which was an action for injuries to a minor while on defendant's track, evidence that plaintiff had frequently been on the track on previous occasions, and had been warned to keep off it, was held to be admissible.

In *Randall* v. *Telegraph Co.*, 54 Wis. 142, it was held that in an action for injuries caused by defendant allowing its wires to lie across the road at a particular place,

it was admissible to show that defendant's wires were down at other places, and at times previous to the date of the injury complained of.

In *State* v. *Boston etc. R. R.*, 58 N. H. 410, the question being as to the rate of speed at which defendant's train was going at a particular time and place, evidence was held admissible of the rate of speed at which the same engineer drove the train at that place on previous occasions.

In the case of *State* v. *Manchester etc. R. R.*, 52 N. H. 549, the court uses language peculiarly applicable to the case at bar. One of the questions in that case was, whether or not the engineer and fireman of defendant's train ran it over a certain crossing, at the time when the accident complained of occurred, without ringing the bell or sounding the whistle. There was direct evidence on one side that neither of the signals was given, and just as direct evidence on the other side that they were both properly given. Under these circumstances, the court below admitted evidence that the same engineer and fireman, during the preceding year, had a number of times passed the crossing without giving the signals. Upon appeal, the appellate court held the evidence to have been properly admitted, and in their opinion say: "It would seem to be axiomatic that a man is more likely to do or not to do a thing, or to do or not to do it in a particular way, as he is in the habit of doing or not doing it. But this must be understood of acts which are done, or omitted to be done, without any particular intent or purpose to injure any one. It cannot apply to acts that are done intentionally, willfully, or maliciously, because such acts are done with a specific object in view, and they are performed, not by force of habit, but with a definite purpose. . . . . If, in this case, it had been charged that these agents of the corporation had knowingly, intentionally, willfully, and maliciously done, or omitted to do, any act, for the purpose of injuring the

deceased or anybody else, then the only questions would be, Was the act done or omitted as charged? and, Did the knowledge, the intention, the will, or the malice exist when the act was done or omitted? But when the question is, Did these servants of the road, without any intention whatever, and through mere negligence and carelessness, omit to give these signals on that occasion? we think the inquiry was properly made as to what they had done before in that regard, or whether they had or had not grown habitually negligent of the requirements of the road in that particular. In this view of the case, we think the evidence was admissible, not as evidence of character, not as evidence of fitness or unfitness, but simply as having some tendency to show that on this particular occasion these agents were more probably negligent and careless, because they had before frequently neglected the same duty with impunity, and had thus become habitually negligent in that regard."

These views of the Supreme Judicial Court of New Hampshire seem to us to be correct; and applying them to the case at bar, they solve the point now under discussion in favor of the ruling of the court below. The two cases of *Largan* v. *Central Pacific R. R. Co.*, 40 Cal. 272, and *Martinez* v. *Planel*, 36 Cal. 578, cited by appellant, are not in point.

It may be remarked, generally, that, unless the case falls within some well-recognized class of exceptions, an evidentiary fact is relevant to the principal fact when the former tends to show that the latter probably did or did not occur; and mere remoteness usually goes to the weight, and not to the admissibility, of evidence.

Some other points are made in the record, but the two above noticed are the only ones discussed in the briefs. We see no error that would warrant a new trial.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.