[Civ. No. 452.   Second Appellate District.—October 26, 1907.]

# PERCY H. F. BRUNGER, Respondent, v. PIONEER ROLL PAPER COMPANY, Appellant.

NEGLIGENCE—UNSAFE MACHINE—EVIDENCE—PRIOR AND SUBSEQUENT CONDITION—REPAIRS.—In an action for damages for injuries caused by the negligence of the defendant, as an employer, in furnishing an unsafe machine for the performance of plaintiff's duties as servant, evidence that the machine had formerly passed through a fire and been repaired, and that a few days before and after the accident, it was in an unsafe condition, and that it was then repaired and adjusted by the defendant, and that the repairs were the result of a minute examination of the machine by an expert mechanic, which demonstrated their necessity, was admissible, as tending to show the unsafe condition of the machine at the time of the accident.

ID.—REMOTENESS OF EVIDENCE—WEIGHT OF EVIDENCE.—The remoteness of the evidence usually goes to the weight and not to admissibility of the evidence.

ID.—EVIDENCE OF SUBSEQUENT REPAIRS—DEFENDANT NOT PREJUDICED—PROCURING VIEW BY JURY.—Though it is established law that mere subsequent repairs after the accident are inadmissible to establish a negligent condition at the time of the accident, yet where the condition of the machine, independently of the repairs, is first shown, and the necessity of the repairs is made apparent, evidence of such repairs could not prejudice the defendant, especially where the defendant, after the repairs, procured an order that the jury should view and inspect the machine, in effect thereby representing that the machine was in the same condition in which it was at the time of the accident, thereby curing any error in the evidence of repairs.

ID.—INSTRUCTIONS—LIMITATION TO TIME OF INJURY—REQUEST PROPERLY REFUSED.—The defendant was entitled to have the jury instructed that prior and subsequent unsafety of the machine can only be considered as bearing upon its unsafety at the time of the injury. Where the court gave such instructions, it was proper to refuse a requested instruction by the defendant which did not include the right to offer subsequent evidence of unsafety within a reasonable time, as bearing upon the question of unsafety when the injury occurred.

ID.—FOREMAN REPRESENTATIVE OF EMPLOYER—ADJUSTMENT OF MACHINE—IMPROPER REQUEST.—*Held*, that, under the circumstances of this case as presented by the record, the foreman was not merely a fellow-workman of the plaintiff, but was the representative and

agent of the employer whose duty it was to repair and adjust the machine. Instructions asked upon the theory of the plaintiff's duty to adjust the machine were properly refused.

Id.—Sufficiency of Evidence—Unsafety of Machinery—Negligence.—If it be shown by satisfactory evidence that the machinery furnished to the employee was not reasonably safe in its operation, and through some defect it was rendered dangerous, which fact was known to the employer, it is not essential that the injured party should show technically wherein the defect existed, and what occasioned, in a precise manner, the unsafe condition of the machinery. The evidence is held sufficient to warrant the jury in finding that negligence was shown on the part of the defendant, and that no contributory negligence of the plaintiff was made to appear.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, and A. D. Laughlin, for Appellant.

Repairs made after the accident could not be considered. (*Helling* v. *Schindler,* 145 Cal. 303, 311, 78 Pac. 710.) Subsequent evidence was not admissible. (*Sappenfield* v. *Main Street etc. Ry. Co.,* 91 Cal. 48, 27 Pac. 590; *Hager* v. *Southern Pacific Co.,* 98 Cal. 309, 311, 33 Pac. 119; *Turner* v. *Hurst,* 115 Cal. 394-401, 47 Pac. 129; *Limberg* v. *Glenwood,* 127 Cal. 598-600, 60 Pac. 176; *Nalley* v. *Hartford Carpet Co.,* 51 Conn. 524, 50 Am. Rep. 47.)

A. Lincoln Walker, and Ansel Smith, for Respondent.

The defendant corporation was bound to furnish safe machinery and to use reasonable care to keep it in repair and order. (*Higgins* v. *Williams,* 114 Cal. 181, 45 Pac. 1041; *Daves* v. *Southern Pac. Co.,* 98 Cal. 19, 35 Am. St. Rep. 133, 32 Pac. 708; *Wall* v. *Marshutz,* 138 Cal. 522, 71 Pac. 692.) The delegation of such duty to another cannot relieve the employer of responsibility. (*Jager* v. *California Bridge Co.,* 104 Cal. 542, 38 Pac. 413; *Wall* v. *Marshutz,* 138 Cal. 522, 71 Pac. 692; *Bone* v. *Ophir Silver Min. Co.,* 149 Cal. 294, 86 Pac. 685.) Reasonably remote evidence of the prior con-

dition of the knife was admissible.    (*Dyas* v. *Southern Pac. Co.,* 140 Cal. 304, 73 Pac. 972.)    There is no question of negligence of a fellow-servant, for no such negligence was pleaded. (*Bone* v. *Ophir Silver Min. Co.,* 149 Cal. 296, 86 Pac. 685; *Laying* v. *Mt. Shasta etc. Co.,* 135 Cal. 141, 143, 67 Pac. 48; *Dobbs* v. *Purington,* 136 Cal. 73, 68 Pac. 323.)    Evidence prior and subsequent to the injury may be shown as bearing on the subject of negligence at the time of the injury.    (*Dyas* v. *Southern Pac. Co.,* 140 Cal. 296, 73 Pac. 972; *Henry* v. *Southern Pac. R. Co.,* 50 Cal. 176; *Butcher* v. *Vaca Valley etc. Co.,* 67 Cal. 518, 8 Pac. 174.)

ALLEN, P. J.—Action for personal injuries.    Judgment for plaintiff.    Order denying a new trial.    Appeal from judgment and order.

Plaintiff, an employee of the defendant, was engaged in operating a paper-cutting machine furnished by defendant as an appliance for operation in the performance of plaintiff's duties.    The machine worked automatically, the knife being operated by a friction clutch.    It is intended that this knife, which with its head weighs about two hundred pounds, should come down once only when the clutch holding it is released. When at the top, in order to start the knife, a spring catch is released and a handle lifted.    The knife then falls and returns to the top by its own mechanism, and when it reaches the top a trip throws out a clutch and also puts on a brake, which holds it there.    The defendant had intrusted the machine and its care and repair into the hands of the foreman. This foreman directed plaintiff, on May 17, 1906, to operate such machine.    It appears from the evidence that the machine had been for some time out of adjustment and repair, to the extent that upon occasions the clutch would not hold and the knife would descend a second time without the clutch being released by the operator.    This condition was known by the foreman, but unknown to the plaintiff, who was injured by the knife repeating—that is, descending a second time without action on the part of the operator.

Upon the trial, the court admitted evidence tending to show that several years before the accident the machine had been through a fire and seriously disabled, but thereafter repaired; and, further, evidence to show that a few days before the ac-

cident, as well as a few days thereafter, the machine had been known to repeat; and, further, to show that an expert machinist made an examination of the machine a few days after the accident and testified that the arm attached to the cutter-bar which throws out the friction was worn so badly that it did not throw the brake or release the clutch properly, and that, at the foreman's instance, he repaired and adjusted it.

The specifications of error upon which the motion for a new trial was based are seventy-nine in number, but all relate, in so far as they apply to the action of the court in admitting evidence, to the admissibility of evidence tending to show that the machine had passed through a fire several years before the accident, and of the condition of the machine a few days prior to, as well as a few days subsequent to, the accident, and especially in reference to the action of the court in admitting testimony of the repairs made at the instance of the foreman after the accident. We are satisfied that there was no prejudicial error in the admission of any of this testimony. While it is true that it was incumbent upon the plaintiff to show by satisfactory evidence that a defect in the machine was the proximate cause of the accident, and that it existed at the time of the accident, and that the defendant either knew or had the means of knowing of such defect before the accident, nevertheless, this evidence in relation to the conduct of the machine before and after the accident was competent as tending to show its condition at the time of the accident. It is not often possible to show affirmatively the defect at the precise moment of the accident. Most frequently it can only be determined by showing that within a reasonable time prior thereto the machine was not a safe appliance, and when thus shown, a presumption arises that it so remained unless the same was remedied; and when, in addition, it appears that within a few days after the accident the same conditions existed, such evidence is most satisfactory in determining the actual condition during the interval within which the accident occurred. "An evidentiary fact is relevant to the principal fact when the former tends to show that the latter probably did or did not occur; and mere remoteness usually goes to the weight, and not to the admissibility, of evidence." (*Craven* v. *Central Pac. R. R. Co.*, 72 Cal. 350, [13 Pac. 878].) While it is established law that mere repairs made after the

accident cannot be shown to establish a negligent condition at the time of the accident (*Helling* v. *Schindler*, 145 Cal. 312, [78 Pac. 710]), the incidental showing of such repairs shortly thereafter made to remedy actual defects then shown to exist in the machine's mechanism or operation, which under the evidence presumably existed at the time of the accident, presents an entirely different question. (*Dyas* v. *Southern Pac. Co.*, 140 Cal. 307, [73 Pac. 972].) In those jurisdictions where the fact of repairs is not admitted in evidence, the prevailing reason therefor seems to be that the admission of testimony of mere repairs is in the nature of an admission upon the part of the employee who causes the repairs, and therefore not admissible as against the principal. But in this case the condition, independently of the repairs, is first shown and the necessity for repairs is made apparent. It should follow that such subsequent repairs ordered by an employee could in no wise prejudice the defendant. The necessity for the repairs was not determined by the foreman who called the expert, nor were they occasioned by this act, but, on the contrary, were the result of a minute examination by the mechanic of the machine which demonstrated their necessity.

Another reason exists in this case why the proof of repairs was without prejudice, when we consider that after the introduction of such testimony the defendant procured an order that the jury view the machine and inspect it. This, in effect, was a representation by defendant that the machine was in the same condition in which it was at the time of the accident. Upon such motion, it would have been competent to have shown a change in its condition occasioned by the repairs. That this changed condition was shown previous to the act of the defendant in connection with the view is of no consequence. Even assuming that the court erred in admitting proof of the incidental repairs at the time of its admission, it was cured by this subsequent act of the defendant. While the condition within a reasonable time preceding and succeeding the accident may be shown as tending to show the condition at the time of the injury, yet it is admissible only in so far as it tends to show such condition at the time, and a defendant is always entitled, upon request, to an instruction qualifying such evidence in that regard, and it would be error for the trial court to refuse such an instruction. We have examined the instructions refused by the trial court in this

case, and we find none that may be construed as a qualifying instruction. The nearest approach to it is instruction No. 8, refused, which, to an extent, correctly states the law, ''that the negligence of the employer which renders him responsible for the accident depends upon what he did and knew before the accident,'' and that ''the knowledge on his part from which negligence is to be inferred must be established by evidence independent of any subsequent act in changing the appliance, and any defect in such evidence cannot be supplemented by such act''; that if, at the time of the accident, the defendant did not know of any defect in the paper-cutting machine, defendant was entitled to a verdict, ''even if the evidence discloses the fact that after the injury the defendant did have repairs made.'' The substance of this charge was given by the court in two instances, and in the form as requested was properly refused, because in such instruction was incorporated the statement that defendant's responsibility must be established by facts and circumstances preceding the accident, which is, in effect, to say that evidence of facts showing the condition immediately succeeding the accident, or within a reasonable time thereafter, could not be shown, and, if shown, would not establish, or tend to establish, the defective condition at the time of the accident.    .

It is insisted by appellant that the court erred in refusing various instructions in which was embodied the proposition that it was incumbent upon plaintiff to show a defect in the machine, and, in addition, of what that defect consisted. The matter for determination is whether or not the employer used reasonable care in furnishing his employees reasonably suitable and safe machinery and appliances with which to do the work required of them, and used reasonable care to keep such machinery and appliances in repair. If it be shown by satisfactory evidence that the machinery so furnished employees was not reasonably safe in its operation and through some defect it was rendered dangerous, which fact was known to the employer, it is not essential that the injured party should show technically wherein the defect existed and what occasioned in a precise manner the unsafe condition of the machinery.

It is further insisted that the omissions of the foreman were those of a fellow-workman, and that no liability of defendant occurred on account thereof. Under the circumstances of

this case, as presented by the record, this foreman was the representative and agent of the employer. (*Skelton* v. *Pacific Lumber Co.*, 140 Cal. 507, [74 Pac. 13].)

We find nothing in the record indicating that any lack of adjustment of the machine, which ordinarily would be performed by the employee in its operation, is here involved. The worn and unsafe condition is shown to have been occasioned by long wear and bad usage, and which repairs and adjustments devolved upon the employer, and not upon the employee. The instructions asked upon the theory of the plaintiff's duty to adjust the machine were therefore properly refused. There is evidence in the record warranting the jury in determining that negligence was shown on the part of the defendant, and no contributory negligence of plaintiff was made to appear. The instructions given by the court appear to cover all of the points presented by those requested by defendant and refused.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1907.