[S. F. No. 15379. In Bank.—June 28, 1935.]

NEWTON KINCHELOE, Appellant, v. RETAIL CREDIT COMPANY, INC. (a Corporation), et al., Respondents.

NEWTON M. KINCHELOE, Jr., Appellant, v. RETAIL CREDIT COMPANY, INC. (a Corporation), et al., Respondents.

PHILO FINK, Appellant, v. RETAIL CREDIT COMPANY, INC. (a Corporation), et al., Respondents.

Lucius Powers, Jr., and Byrne, Lamson & Jordan for Appellants.

Barbour, Kellas & Backlund, Edward L. Kellas and Frank C. Lerrigo, as *Amici Curiae* on Behalf of Appellants.

Francis V. Keesling, Garton D. Keyston, and Harry G. McKannay for Respondents.

WASTE, C. J.—Plaintiffs, riding in an automobile operated by N. Lindsey South, were injured in a collision with a car driven by defendant Adams for defendant Retail Credit Company, Inc. South's insurance company settled with plaintiffs and received a covenant not to sue, with an agreement to hold them harmless for any claims arising out of the accident. Plaintiffs then sued defendants, and they pleaded the instrument, claiming it was a release of other joint tort-feasors, releasing them also by operation of law. The lower court gave judgment on the pleadings for defendants on this theory.

Plaintiffs appealed. By order of the court, on stipulation of all the parties, the appeals were consolidated and heard on a single transcript. The instrument in question, in full, was pleaded in the answer, and is as follows:

"Covenant Not to Sue.

"Whereas, on or about April 13th, 1932, the undersigned, N. N. Kincheloe, of the County of Fresno, State of California, was riding in an automobile owned and driven by N. Lindsey South, and

"Whereas, the said automobile was involved in an accident with an automobile driven by Philip Adams, and owned by Philip Adams &/or Retail Credit Company &/or John Doe, which said accident happened and occurred at on Highway between Tulare and Tipton, State of California, and

"Whereas, the undersigned sustained certain injuries on or about his body and has suffered disability from said injuries, and,

"Whereas, the said N. Lindsey South and the Universal Automobile Insurance Company, desire from the undersigned an agreement and covenant not to sue them or either of them.

"Now, therefore, for and in consideration of the sum of $130.00, one hundred thirty dollars, the undersigned, hereby promise and agree that he will not sue or litigate any claim, or claims, of any nature or description, against N.

Lindsey South and the Universal Automobile Insurance Company, or either of them, for or on account of any injuries or damages which I now have, or may hereafter have, or have had on account of the injuries sustained in the accident above mentioned, and I do hereby covenant and agree to hold said N. Lindsey South and Universal Automobile Insurance Company and each of them, and all of them harmless from any liability, claims, demands, costs, charges, and expense incident to any claim or claims, arising out of said accident, or the injuries sustained by me therein.

"It is further agreed, that the undersigned does not in any manner or respect waive or relinquish any claim, or claims, against any other persons, firms, or corporations, than are herein specifically named, and it is further understood by me that said N. Lindsey South and the Universal Automobile Insurance Company do, and neither of them does, in any manner, or to any extent, admit any liability or responsibility for the above accident, or the consequences thereof, and that the execution of this document shall not be in any manner construed contrary to the provisions of this paragraph as herein specified.

"In witness whereof, I have hereunto set my hand this 17th day of August, 1932.

"(Signed) N. N. KINCHLOE.

"Witness to signature:

"Notary certificate attached.

"LUCIUS POWERS, JR."

█ It is unquestionably the law that the release of one of several joint tort-feasors operates as a release of all. (*Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163 [4 Pac. 1165].) But the legal effect of a covenant not to sue is not the same as a release. (*Hawber* v. *Raley,* 92 Cal. App. 701, 704 [268 Pac. 943].) █ The trial court was plainly in error. The document here is entitled a covenant not to sue. Its language is of covenant and indemnity, not of release. The trial court, however, ignored title and terminology, and held it to be a release, without permitting any evidence as to what it was. Since a covenant not to sue does not relieve other joint tort-feasors, the trial court was in error in granting the motion for judgment on the pleadings upon the ground that the document executed by plaintiff constituted a

release and satisfaction of the claim for injuries received in the collision of the two automobiles.

The judgment is reversed in each case.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., Langdon, J., and Preston, J., concurred.

Rehearing denied.