[Civ. No. 10254. First Appellate District, Division One.—July 21, 1937.]

MADELINE TODD COWLES, Respondent, v. INDEPENDENT ELEVATOR CO., INC., Appellant.

Waldo F. Postel and W. Lee De Mara for Appellant.

John Ralph Wilson for Respondent.

THE COURT.—An appeal by the defendant from a judgment recovered in an action for personal injuries.

The injuries were sustained by the plaintiff while riding in a passenger elevator, which was a part of the equipment of a hotel. The elevator failed to respond to the controls

and fell. The defendant is a corporation engaged in the elevator inspection business, and had entered into a contract with the hotel company for the inspection of the elevator. It was alleged that the elevator was in an unsafe condition, and that the defendant, due to its negligent inspection, failed to discover the condition or report the same to the hotel company.

The defendant demurred to the complaint, and by its answer denied the negligence and unsafe condition alleged. It averred as a further defense that the plaintiff, for a valuable consideration, had released the hotel company from all liability due to the accident.

The cause was tried without a jury.

As grounds for the appeal it is claimed that the court erroneously overruled the demurrer and admitted certain evidence over the objection that the same was without the issues; further, that the findings in material respects are unsupported, and that an agreement made by the plaintiff with the hotel company was in effect a bar to an action against the defendant.

■ The complaint failed to allege that the plaintiff was a guest of the hotel, and this is assigned as a ground for holding the pleading to be insufficient.

Assuming this contention to be correct, nevertheless it was so testified without objection, found by the trial court and stands undisputed. Under such circumstances, to justify a reversal it must appear that the defendant was prejudiced —which is manifestly not the case here. (*Kaufman* v. *Pacific Indemnity Co.*, 5 Cal. (2d) 761, 768 [56 Pac. (2d) 504]; *Mortgage Guarantee Co.* v. *Smith*, 9 Cal. App. (2d) 618, 621 [50 Pac. (2d) 835].)

■ The further point is made that the complaint failed to allege that had repairs been required, and so reported to the hotel company, they would have been made prior to the accident. However, the duty to inspect, and defendant's negligent failure to ascertain and report the facts to the hotel company, were alleged. This, we think, was sufficient. (*Dahms* v. *General Elevator Co.*, 214 Cal. 733 [7 Pac. (2d) 1013].)

■ The defendant assigns as error the admission over objection of testimony of certain repairs and adjustments made in and about the elevator before and after the accident,

and also of testimony as to how the elevator was working shortly before the accident. It is claimed that this evidence was not within the issues, and that evidence of things done subsequently was not competent to prove negligence.

The complaint averred but the duty to inspect and report defects. However, defendant's contract provided that the inspection service should consist "of a thorough, complete going over of all elevator apparatus, oiling, greasing, cleaning" and "adjustments". The testimony of which the defendant complains was by its inspector, who described the service defendant had rendered, which included not only an examination of the manner in which the elevator was working, but also the correction of defects, particularly those appearing in the electrical apparatus and connections used in its operation. This testimony was competent for the purpose of showing the construction placed on the contract by the parties (6 Cal. Jur., Contracts, sec. 184, p. 304), and although not expressly pleaded, the defendant was not prejudiced by its admission.

In addition the witness testified to conditions found after the accident. This was adduced as evidence of the previous condition, which, it is claimed, was such that appellant by the exercise of ordinary care should have discovered. These facts were also relevant for that purpose, as was also testimony as to the faulty condition of the elevator as shown by the manner in which it operated before the accident. (*Dyas* v. *Southern Pac. Co.*, 140 Cal. 296, 306 [73 Pac. 972]; *Brunger* v. *Pioneer etc. Co.*, 6 Cal. App. 691 [92 Pac. 1043]; *Grossetti* v. *Sweasey*, 176 Cal. 793 [169 Pac. 687]; 45 Cor. Jur., Negligence, p. 1234.)

The evidence shows that defendant was employed to inspect the elevator weekly, its duties being as above stated. An inspection was made on the day before the accident, this being in response to a special request by the hotel company as it appeared that the elevator was then out of control in that, descending, it could not be stopped at the floors desired but continued its course until stopped by the bumpers below. On this occasion defendant's inspector attempted to remedy the defect by certain adjustments. On the following morning the trouble recurred, and again inspection was made, "switch-springs" and a "slow down carbon" being installed. However, the elevator fell again, and in response to a call defend-

ant did other work in and about its electrical mechanism but failed to locate the defect. An electrical engineer then employed by an elevator company, in response to a hypothetical question, testified that "troubles of that nature, given enough study, can be eliminated"; that the defect in operation was due to a short circuit in the control box or wires, which could be located "by sufficient testing and inspecting". Such testimony by experts and the putting of hypothetical questions to such are matters within the discretion of the trial court. (10 Cal. Jur., Evidence, secs. 215, 222, pp. 956–963.) Other testimony was to the same effect as the above; and sufficient was shown to justify the conclusion that by the use of ordinary care the defect might have been located and remedied, and that the omission thereof was the proximate cause of the damage. In the circumstances the question was reasonably one for the jury or the court sitting as such. (*Dahms* v. *General Elevator Co., supra; Gregg* v. *Manufacturers' Building Co.*, 134 Cal. App. 147 [25 Pac. (2d) 1014].)

█ Defendant's contention that in the circumstances it owed no duty to the plaintiff is also answered by the decision in *Dahms* v. *General Elevator Co., supra.*

█ After her injury the plaintiff for a valuable consideration signed the following agreement with the hotel company:

"Covenant not to sue.

"I, Madeline Todd Cowles, and I, Roy R. Cowles, her husband, residing at 43 Park Way, Piedmont, in the county of Alameda, state of California, for ourselves, our heirs, executors and administrators, in consideration of two thousand five hundred dollars ($2,500.00) to us paid by Hotel Victoria Co., Ltd., and Dewey Chavelier, the receipt of which is hereby acknowledged, do by this instrument covenant with said Victoria Hotel Co., Ltd., and Dewey Chavelier, their heirs, executors and assigns, forever to refrain from instituting, pressing or in any way aiding any claim, demand, action or cause of action for damages, costs, loss of service, expense or compensation for, on account of, or hereafter to grow out of an accident which happened to Madeline Todd Cowles on or about April 8, 1932, at the Hotel Victoria, city of San Francisco, county of San Francisco, State of California.

"In executing this covenant we expressly reserve any and all rights of action, claim or demands we may have against the Independent Elevator Co., Inc., A. W. Bleyle, Waldo F. Postel, J. J. Davis, their successors or assigns.

"And furthermore, we the said Madeline Todd Cowles, and Roy R. Cowles do hereby expressly stipulate and agree, in consideration of the aforesaid payment, to indemnify and hold forever harmless the said Victoria Hotel Co., Ltd., and Dewey Chavelier against loss from any and all further claims, demands or actions that may hereafter at any time be made or brought against the said Hotel Victoria Co., Ltd., and Dewey Chavelier by the said Madeline Todd Cowles and Roy R. Cowles, or by anyone on their behalf, for the purpose of enforcing a further claim for damages on account of the injury sustained in consequence of the aforesaid accident.

"Witness our hand and seal this 25th day of May in the year 1932."

The consideration therefor was evidenced by a check drawn by an indemnity company, the hotel company being named as the assured, and which was made payable to the plaintiff, her husband and her attorney, and was endorsed by her as well as the others. On the face of the check was printed "In full settlement of the claim or account as stated below", and below was typed "full settlement of all claims and demands". On the back of the check, preceding the endorsement, was printed "The endorsement of this draft by the payee constitutes a clear release and receipt in full settlement of the claim or account shown on the other side."

Defendant maintains that the above transaction was in effect a release, and barred plaintiff's right to maintain the present action. Evidence was admitted over objection that by accepting and endorsing the check it was not the intention to release all plaintiff's claims for damages, but only such as are contained in a covenant not to sue, reserving, as there stated, "any and all rights of action, claim or demands" against the defendant.

Although a release of one joint tort-feasor releases all (*Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163 [4 Pac. 1165]), it is equally well settled that a covenant not to sue does not have that effect. (*Kincheloe* v. *Retail Credit Co.*, 4 Cal. (2d) 21 [46 Pac. (2d) 971]; *Hawber* v. *Raley*, 92 Cal.

App. 701 [268 Pac. 943].) The provisions of the original agreement signed by plaintiff were closely similar to that considered in the Kincheloe case, and it was held to be but a covenant not to sue; and we are satisfied that such was the legal effect of plaintiff's promise.

■ However, it is claimed that the check with its endorsement thereon constituted a release.

After the execution of the covenant not to sue there were no further negotiations between the parties, and nothing which reasonably suggests an intention to make a new contract or to modify the first. The check was given and the amount thereof received as the consideration herefor; and its endorsement for payment was but a receipt for that amount (*Wells Fargo Bank etc. Co.* v. *Bank of Italy*, 214 Cal. 156, 164 [4 Pac. (2d) 781]). ■ As such it was open to explanation (*Kincheloe* v. *Retail Credit Co.*, *supra; Brown* v. *Crown Gold etc. Co.*, 150 Cal. 376, 389 [89 Pac. 86]) ; and as between plaintiff and defendant parol evidence for such purpose was admissible (*Dunn* v. *Price*, 112 Cal. 46 [44 Pac. 354] ; *Shattuck etc. Co.* v. *Gillelen*, 154 Cal. 778 [99 Pac. 348] ; *Bennett* v. *Northwestern etc. Ins. Co.*, 84 Cal. App. 130 [257 Pac. 586]). The evidence fairly shows that no release was intended, and the conclusion of the trial court is fully sustained. Further, if the original agreement and the check with the matter printed thereon be considered as parts of one contract, that written should in the circumstances control (Civ. Code, sec. 1651). As has been said with respect to agreements of this character, courts look at the intention rather than the strict letter, not suffering the latter to defeat the former; and where a particular purpose is to be accomplished, and the language expressing it is certain, no general words used in the same agreement should extend the clear meaning of the parties (*Bloss* v. *Plymale*, 3 W. Va. 393 [100 Am. Dec. 752] ).

■ Nor is there merit in the contention that the fact that plaintiff's attorney also endorsed the check for payment shows an intention different from that expressed in the original contract. As such he was without implied power to bind the plaintiff in that respect (6 Cor. Jur., Attorney and Client, sec. 178, p. 663; *Woerner* v. *Woerner*, 171 Cal. 298 [152 Pac. 919]), and there was no evidence of his authority to do so.

The findings are supported by competent evidence, and there was no error in the proceedings which would justify a reversal.

The judgment is affirmed..