Washburn, J.
It appears from the record in this case that the city of Cleveland, desiring to repave one of its streets, entered into a contract with one R. P. Burnett. The contract provided that Burnett should be responsible for all damages occasioned through neglect or failure on his part, or of anyone in his employ; that he should take all necessary precautions to prevent injury to others. He further agreed to place colored lights and proper barricades at all excavations and other dangerous places, in order to prevent accidents. The contract also provided that Burnett should indemnify and save the city harmless from and against all claims, demands, suits, actions, recoveries and judgments of every description brought or recovered against it by; reason of any act or omission of said contractor, his agents or employes, in the execution of the work, or in consequence of any negligence or carelessness in guarding the same, or by reason of any insufficient protection.
It further appears that in perfprming the contract Burnett caused piles of sand, gravel and crushed stone to be placed on a portion of said street at a place where the cars of the Cleveland Railway Company regularly stopped to discharge and take on passengers, and that on September 25, 1918, there were no warning lights or watchmen to advise users of the street of the condition thereof, which is claimed to have been made dangerous for *445 use by reason of said improvement being made; that the plaintiff, Grace Kouba, being a passenger upon a car of the Cleveland Railway Company, alighted from it in the night season, at said crossing, came in contact with the piles of material, was thereby caused to fall and suffer injury.
For the purposes of this opinion, we assume that the circumstances were such that the plaintiff was entitled to recover damages for injuries caused by the negligence of Burnett in failing to properly guard said materials or warn the public in the use of the street.
It further appears from the record that after such injuries, plaintiff, claiming that the Railway Company was responsible for the same, succeeded in inducing the Railway Company to pay’her $300, for which she gave the company a covenant not to sue it; that later she claimed that Burnett was also liable to her for said injuries, and, after negotiating with him, for and in consideration of $125 paid to her by him, entered into a covenant not to sue, in which covenant she recited these same injuries and the manner in which she received them, set forth her claim that Burnett and the city of Cleveland were liable therefor and that Burnett denied liability, and agreed for herself, her heirs, executors, administrators and assigns that she would not institute, maintain or prosecute any action against said Burnett to recover damages for said injuries, or for any other matter arising out of same. It was also stated in her said covenant not to sue that she did not receive the $125 in payment or otherwise for her injuries, but only in consideration of her not suing, and that it was not her intention to release the city of Cleve *446 land from any claim that she had against it for the injuries she had sustained, and that by acceptance of said money she did not intend to waive any rights of any kind or character that she might have against the city of Cleveland, growing out of said action.
Upon being sued, the city of Cleveland set forth in its answer as its second defense the fact that Burnett was a contractor, having the exclusive control over the method and manner and means of doing the work, that he had agreed to save the city harmless from any liability for damages for any injuries sustained by anyone in the use of said street, by reason of the condition in the street created by said contractor while the contract was being performed, and that her injuries were caused solely by reason of conditions created in the street by the contractor in doing the work of grading, draining and paving the street under said contract. The answer also sets forth the fact that plaintiff had presented a claim to the Railway Company and made settlement with it, and had also made claim against Burnett, the contractor, and, for a consideration received, agreed not to sue him for such injuries.
Upon the trial, of the case these facts were proven, and the trial court, being of the opinion that plaintiff’s settling with Burnett, and for a consideration agreeing not to sue him, released the city from any liability to her for said injuries, arrested the evidence from the jury and rendered judgment in favor of the city.
The matter is now before this court, the claim being that the- lower court, in rendering such judgment, committed error, for which the judgment should be reversed.
*447 As we view this matter, assuming that plaintiff was entitled" to recover from someone for injuries received by reason of negligence in not properly guarding said improvement and warning the public in reference to the use of the street, we think that not only by the terms of the contract between the city and Burnett, but by operation of law independent of the agreement to that effect in said contract, Burnett was the party, as between the city and himself, who was primarily liable to respond in damages for her injuries. The city was liable only because the law made it responsible for the negligence of the contractor, but its liability was secondary, and if it had.been sued in the first instance, and recovery had against it, it could recover over against Burnett, the contractor, the perpetrator of the wrong. Morris v. Woodburn, 57 Ohio St., 330, and Bello v. City of Cleveland, ante, 297.
Under such circumstances, she could sue either the city-or Burnett, at her election, but she could not sue them jointly. Village of Mineral City v. Gilbow, 81 Ohio St., 263.
We are clearly of the opinion that if she had sued the party primarily responsible for her injuries, and had received satisfaction from such party, she could not then have sued the city and recovered for the same injury. We stated our view of this matter in the case of Bello v. City of Cleveland, supra, at page 301, as follows:
“Where there is but one wrong and one injury, there can be but one satisfaction; it would be different if both were active and independent wrongdoers, or if there were concerted action, but where one is by statute simply made liable for the wrongful acts *448 of another, and that other responds in damages for his wrong to the injured party, there can be no further recovery.”
In this case, her agreement not to sue the party primarily liable, where that agreement was supported by a valuable consideration, which was received and retained byjher, is as complete a satisfaction as would have been a recovery of a judgment against the contractor and the payment of the same by the contractor to her. The city was not an active wrongdoer, either independently or in concert with the contractor; it's position, so far as this question is concerned, was in the nature of a surety for the wrongful acts of the contractor. She was charged in law with full knowledge of that situation, and when, with such knowledge and for a valuable consideration, she bound herself not to enforce her claim against the wrongdoer, who was ultimately liable therefor, she ought not, in consonance with good morals and a sound public policy, to be permitted to recover against one whose liability depended upon her right to recover against the wrongdoer.

Judgment affirmed.

Dunlap, P. J., and Vickery, J., concur.