SHELLY BROWN v. TOWN OF LOUISBURG and J. W. PONTON.

(Decided May 29, 1900.)

*Liability for Damages—Primary and Secondary—Release—Joint Tort Feasors.*

1. A full release and discharge, for a valuable consideration, of the party primarily liable operates for the benefit of the party secondarily liable, especially where the latter in the event of recovery against him could have recourse to the former for indemnification.

2. Joint tort feasors or co-delinquents must actively participate in the act which causes the injury.

3. Where a property owner in Louisburg caused an excavation in the sidewalk in front of his building into which the plaintiff fell and was injured, the plaintiff could sue the party occasioning the injury and also the town for negligently permitting the sidewalk to remain in a dangerous condition.

4. In the event of recovery against the town, it could hold the property owner responsible, as they are not joint tort feasors, and a release, for valuable consideration, to the party primarily liable, operates to the discharge of the town.

CIVIL ACTION for injury received through alleged negligence of the town in not keeping its sidewalk in safe condition, tried before *Moore, J.,* at April Term, 1899, of FRANKLIN Superior Court. Ponton, one of defendants, made the excavation which caused the accident, and obtained a full release from liability by paying $75 to the plaintiff. The town claimed that it also was entitled to the benefit of the release. His Honor held otherwise. The town excepted. The jury rendered a verdict for $400 less $75 against the town. Judgment accordingly; and the town appealed.

*Messrs. C. M. Cooke & Son, W. H. Yarborough, Jr.,* and *W. M. Person,* for appellant.

*Messrs. F. S. Spruill,* and *W. H. Ruffin,* for appellee.

MONTGOMERY, J.   This action was brought against the defendants to recover damages for personal injuries sustained by the plaintiff on account of the alleged negligence of the defendant.   The defendant Ponton, in building a store within the limits of the town of Louisburg, made a deep excavation abutting upon the sidewalk, and after the front wall of the building had been built up to the level of the sidewalk, there was still left a part of the excavation between the front wall and the center of the sidewalk (extending into the sidewalk about two feet).   The hole was about two feet in width at the top, but slanting and narrow at the bottom.   The town authorities had knowledge of the excavation in the sidewalk.

On a dark night, the plaintiff, without fault of his own, fell into this excavation and was badly hurt.   The hole was unguarded by rail or otherwise and no danger signal was displayed.

While the action was pending the plaintiff agreed in writing through his attorneys, for the consideration of $75 "to enter a nonsuit   *   *   *   and to release J. W. Ponton from any and all claims of the plaintiff against J. W. Ponton, by reason of the facts set forth in the complaint filed in the above cause, and from any and all claims of every description which the said Shelly Brown may have against the said J. W. Ponton."   It was verbally agreed at the time of the execution of the agreement that the payment of the $75 was not made or accepted in full satisfaction of the injuries sustained, but simply to discharge Ponton.

The contention of the plaintiff's counsel is that the defendants are not joint tort feasors, but that they were "co-trespassers, co-delinquent, co-wrongdoers," and that their liability to the plaintiff is not only joint, but several; and that therefore the effect of the contract between the plaintiff and Ponton and the payment of the $75 was only a payment

*pro tanto* which enures to the benefit of the other defendant, the town of Louisburg. It seems to us immaterial, in considering the effect of the contract between the plaintiff and Ponton, whether the defendants were joint tort feasors or codelinquents in the sense in which that word is used by the plaintiff's counsel.

The defendants were not, however, joint tort feasors. To make persons joint tort feasors they must actively participate in the act which causes the injury. The town of Louisburg had no active part in the matter of building the house or in creating the nuisance. The authorities of the town knew, or ought to have known, of the excavation in the street; but Ponton did not act under the directions of the corporation, nor were his acts in any way for its benefit. The absence of objection on the part of the town authorities to the defendant Ponton's digging the excavation can not be considered a presumption that the town intended to authorize Ponton to leave the excavation unguarded. Ponton therefore was the active wrongdoer in digging a pit on the public street, and leaving it unguarded. The town's liability arose out of its negligently permitting its sidewalk at that dangerous place to remain unguarded.

The real question in the case is this: Upon which of the defendants is the ultimate liability resting as between themselves? The plaintiff can, of course, sue either one, but which one of the defendants is liable to the other for the damages which the plaintiff would be entitled to recover for the injury which he has sustained on account of their negligence? We think that Ponton would be liable to the town, and that any recovery which might be made against the town could be ultimately recovered back from Ponton. *Robbins v. Chicago,* 71 U. S., 657.

And again, the plaintiff and the defendant had a legal

right to make the contract which they entered into, and the consideration having been paid by Ponton he must be protected in his right under that contract. He can not be protected in those rights if the town is, by law, permitted to recover out of him whatever damages the town might be compelled to pay the plaintiff. And the town, as we have seen, can bring such an action against Ponton and recover from him the amount which it, by process of law, had been made to pay on account of his negligence.

Such a result would be the complete destruction of Ponton's rights under his contract with the plaintiff. His Honor should have instructed the jury that upon the evidence the plaintiff could not recover.

New trial.