(53 Misc. Rep. 574)

MORRIS et al. v. NORTH AMERICAN MERCANTILE AGENCY CO.

(Supreme Court, Appellate Term.    April 10, 1907.)

1. TRUSTS—RIGHT TO FOLLOW FUNDS.

Where an account given to a mercantile agency for collection was paid by the debtor in checks, which were wrongfully cashed by an employé of the agency, the owner of the account had the right to follow the proceeds thereof in whosesoever hands they might be found.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 529–538.]

2. RELEASE—RELEASE OF JOINT TORT-FEASOR—EFFECT.

The release of one joint tort-feasor, where a right to proceed against others is preserved, has the effect of a covenant not to further proceed against the one released, but preserves the liability as against the ones expressly exempted from its provisions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, §§ 64–71.]

3. SAME.

Where an account given by plaintiff to defendant mercantile agency for collection was paid by the debtor in checks on which an employé of defendant forged plaintiff's indorsement, and deposited them in a bank to his own credit, the fact that plaintiffs settled with the bank for part of the sum, giving a release, reciting that such release was to be without prejudice to the rights of plaintiffs against defendant, was no defense to an action against defendant for the balance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, §§ 64–71.]

Appeal from City Court of New York, Special Term.

Action by Theodore H. Morris and others against the North American Mercantile Agency Company. From an interlocutory judgment, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Porter & Barnes (Louis H. Porter, of counsel), for appellant.

C. Andrade, Jr. (Francis M. Applegate, of counsel), for respondents.

ERLANGER, J. To a complaint charging conversion the defendant pleads that, when it received from plaintiffs the account against the West Machine Works, of this city, for $640, for collection, it turned it over to one Frank T. O'Kell, one of its employés, to make the collection, and that such employé received from the debtor, the West Machine Works, four checks in varying amounts to make up the full amount of the debt; that each of said checks was drawn to the order of plaintiffs, under their firm name of Morris, Wheeler & Co.; that said employé wrongfully, and without its or plaintiffs' authority, indorsed all of said checks by forging plaintiffs' name and depositing them to his individual credit with the Colonial Trust Company; that the latter collected the whole of the $640, and paid the same to said O'Kell; that subsequently plaintiffs demanded of the trust company the said amount, and, failing to receive it, brought an action against said trust company to recover the same; that afterwards the action was settled, and plaintiffs were paid by the bank $443.20, and they executed to the trust company a general release, which contained this reservation:

"This release to be without prejudice to the rights of Morris, Wheeler & Co. (plaintiffs) against the North American Mercantile Agency Company (defendant)."

The release is set out at length in the supplemental answer by way of a "second separate and complete defense," and the plaintiff demurred thereto. The demurrer was sustained, and the defendant appealed.

While the defendant has urged upon us with much plausibility that, if it is deprived of the defense conferred by the release, it will be remediless as against the Colonial Trust Company, we are not inclined to agree with the views so expressed. When the account was sent to the defendant for collection, it had the same effect as if it had been a note or draft, and the defendant occupied the same relation to plaintiff as a collecting bank usually holds, and therefore, when plaintiffs discovered that their funds had been diverted from the proper source, it had the right to follow the same in whosoever hands they might be found. Bank of Clark & Co. v. Gilman, 81 Hun, 486, 30 N. Y. Supp. 1111, affirmed 152 N. Y. 634, 46 N. E. 1145; Bank of America v. Waydell, 103 App. Div. 25, 92 N. Y. Supp. 666; Salen v. Bank of State of New York, 110 App. Div. 636, 97 N. Y. Supp. 361. The funds were traced into the hands of the Colonial Trust Company, and a compromise was effected, followed by the execution of the release. If the liability of the defendant to plaintiffs was contractual, and joint with the Colonial Trust Company, the right to make the compromise without releasing the defendant is undoubted, under section 1942 of the Code of Civil Procedure. On the other hand, if the liability rests in tort, the release of one joint tort-feasor, where a right to proceed against another is preserved, has the effect of a covenant not to further proceed against the one released, but preserves the liability as against the one expressly exempted from its provisions. Gilbert v. Finch, 173 N. Y. 455–466, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623.

The defendant is a stranger to the release, and is not affected by it

Its right to proceed against the trust company that received the avails of the checks is coextensive with that of plaintiffs, and if the trust company paid only a part of the claim, and the defendant shall be obliged to pay the residue, it may proceed against the trust company to recover the balance of the fund not paid by it. This privilege does not necessarily mean a right to subrogation, nor, indeed, of contribution; but, as already seen, it arises from the very fact that the trust company received the funds unlawfully, of which the defendant, as collecting agent, could no more be deprived than could the plaintiffs.

The judgment must be affirmed, with costs. All concur.