ROGERS ET AL., COMMRS. OF TRUMBULL COUNTY, *v.*
DIETSCHE.

(Decided March 8, 1935.)

*Mr. George W. Secrest* and *Mr. H. A. Mills,* for plaintiffs in error.

*Messrs. Sieman & Sieman,* for defendant in error.

SHERICK, J., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District. The Commissioners of Trumbull county, who are the plaintiffs in error in this court, complain of a judgment entered against them in the trial court. The action was for personal injury sustained by Lenore Dietsche in a fall while crossing a temporary bridge in the city of Niles. The pertinent facts disclosed by the pleadings, the evidence necessary for an understanding of the issues made, and the errors asserted are as follows:

In 1932 the commissioners contracted in writing with the E. H. Latham Company for the construction of a viaduct over the Mahoning river, in accordance with plans and specifications prepared by the county. It was therein covenanted that the contractor was to erect a temporary bridge to accommodate the traffic carried by the old bridge, which was to be demolished, and to maintain and keep the temporary structure in repair until completion of the new, and to keep and save the county harmless from any damage that might result by virtue of the contractor's failure to perform this covenant. Thereupon the temporary bridge was built by the contractor in accordance with the plans, which bridge is alleged and proved to be defective in construction in that the part thereof set aside for use by pedestrians had too broad a span and was not reinforced by center support, as a result whereof the boards used to provide the floor bent and warped and the surface became uneven and dangerous. It is also in evidence that the temporary bridge plan did not provide for a railing between that part of the bridge set

apart for pedestrian traffic and that part set aside for vehicular traffic, and that this dangerous condition was thereafter remedied by the county at its labor and expense, the contract having made no provision therefor. In the installation of the railing, it was claimed and evidenced that the county took up certain floor boards in order to secure its rail posts, and that the warped and uneven boards were replaced, with the result that that portion of the bridge floor provided for pedestrians was in worse shape than it had been before.

Some six months thereafter, the plaintiff, Lenore Dietsche, tripped and fell on this walk and sustained considerable injury. She thereupon sued the contractor for damages upon the theory that its negligence was the cause of her injury. This suit was thereafter settled for the sum of $750, the cause dismissed, and a release was entered into which provided in substance that the sum received was not intended as a full satisfaction of the injuries received, but was in fact but a partial compensation therefor. It released the contractor from all further liability, but specifically reserved to plaintiff the right to proceed further against Trumbull county for complete compensation for damage sustained. Thereafter the plaintiff commenced this action upon the same state of facts, but upon the theory of the county's statutory liability to keep this bridge in repair and free from nuisance. To this pleading the county made answer by way of a general denial and a charge of negligence upon plaintiff's part. As a further defense the county averred plaintiff's suit against the contractor, and its settlement and release. The county further pleaded its contract with the E. H. Latham Company, with particular reference to the covenants thereof hereinbefore enumerated, that is, the clauses providing that the contractor was to keep the bridge in repair and protect the county as against damage claims of this character,

which might grow out of the contractor's neglect in failing to so do and perform.

It is first urged that the trial court erred in its failure to sustain the defendants' motions for an instructed verdict in the county's favor, upon the theory that the contractor and the county were merely concurrent and related tort-feasors. The arguments advanced recognize that a county may not free itself of its statutory responsibility by a delegation of its statutory duty and obligation. It is urged that any negligence on the part of the contractor must be predicated upon common law negligence, and upon its contractual obligation with the county, and that the county's responsibility rests upon statute. It is therefrom insisted that inasmuch as their responsibility rests upon different theories of negligence they can not be classed as joint tort-feasors. The prosecuting attorney's office advances the cases of *Morris* v. *Woodburn,* 57 Ohio St., 330, 48 N. E., 1097; *Village of Mineral City* v. *Gilbow,* 81 Ohio St., 263, 90 N. E., 800, 25 L. R. A. (N. S.), 627; *Bello* v. *City of Cleveland,* 106 Ohio St., 94, 138 N. E., 526; *Kouba* v. *City of Cleveland,* 13 Ohio App., 443, with remark that they artificially classify torts and recognize a distinction between one who actively causes an injury and one who is secondarily liable for an injury. An illustration thereof is found in a property owner or third person excavating a sidewalk or piling debris in a public way. It is insisted, and rightly so, that in such case the property owner or third person actively causes the injury, and is primarily liable, and that where he is first sued the injured party is precluded from further pursuing the one secondarily liable, that is, the public body, like a city or county whose responsibility rests in statutory command.

The plaintiffs in error quote freely from their authorities. We choose to here set forth for further

comment a statement made in the *Bello case, supra,* found on page 104 thereof, where it is said:

"That there can be no joint action unless there is joint liability and joint liability can only exist where there is concert of action in pursuit of a common intent."

The county, in concluding its claim, states that the effect of the release is to bar the injured party from suing it, because of the fact that election was first made to pursue the contractor, who was primarily liable in the first instance, and hence the county was no longer responsible, it being secondarily liable, not only upon the reason and authority of the adjudications noted, but due to the further fact that it could assert its contractual right of recoupment as against the contractor if it were compelled to pay this judgment.

It is the view of this court that the county's position is fallacious. In the first place, as counsel recognize, a county can not delegate the duty imposed upon it by Sections 2408, 2421 and 7557, General Code. Neither can it by any such act of delegation free itself of the obligations enjoined upon it by the statutes. Any authorized act of its contractor, who is in fact its agent, is the act of the agent's principal, who in this instance is the county. In the present controversy this determination is further fortified by the fact that faulty plan, in part at least, was responsible for the dangerous condition of the bridge floor, and by the further disclosure that the county knew or must have known and acquiesced in the unsafe condition of the bridge floor at the time it erected the guard rail, and thereafter.

The presented instance is not a parallel situation to that of one who by his own affirmative act creates an obstruction in a street or road. In this controversy it is clear that the construction and maintenance of the bridge floor in an unsafe condition was in the first in-

stance the primary act of the county. In its attempt to perform the statutory duty enjoined upon it the county procured by contract one to perform that act for it, and the act or intent of its agent in performance thereof was done according to plan and concerted action with the intent of providing a reasonably safe and passable way for foot traffic across the stream during the construction of the new bridge. This was a duty especially enjoined upon it. Measured and considered in the light of this understanding of relationship existing between the county and the contractor, there is found to exist exact conformity to the requirement as heretofore pointed out by the *Bello case.*

The fact that the contractor has covenanted to protect the county against damage growing out of faulty maintenance does not, as against this plaintiff, create primary liability in the contractor. That is a relationship created by the act of the contractor and the county, over which she, the plaintiff, had no control or concern. Both had a concerted intent and purpose of doing an act which in its conclusion resulted in her injury, for which she is entitled to be compensated in full. To permit joint wrongdoers to covenant between themselves as to where primary liability rests, without acquiescence therein by the person injured, would but lead to the unsustainable position that they might thereby impair the injured party's unquestioned right to be compensated for an injury inflicted by their joint and wrongful act.

Inasmuch as the *Bello case* is the last expression of the Supreme Court pertaining to the law relative to rights of similarly interested parties, it is well to note that it is therein stated, at page 102:

"In the arguments of counsel there has been some discussion of the case of *Adams Express Co.* v. *Beckwith,* 100 Ohio St., 348, but there are certain distinguishing elements which make that authority inap-

plicable to the present controversy. In that case there was a joint tort, a joint liability, and a right to sue several tort-feasors jointly. In making a settlement with one of the joint tort-feasors there was an express reservation of the right to sue other parties jointly responsible. In the instant case the covenant not to sue contains no reservation of a right of action against the city of Cleveland. In the *Beckwith case* the syllabus, which contains the law of the case, very clearly features the fact of a special reservation having been made."

From this comment it is apparent that the *Beckwith case* is not only not disapproved of, but is recognized as sound in the field which it embraces. And now, turning to the syllabus of the *Beckwith case,* we find it holds that as a general rule, where a joint tort-feasor is released in general and unqualified terms for a consideration, it inures to the benefit of all other joint wrongdoers; but "Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.

"Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction *pro tanto* to the party wronged and to that extent works a discharge to all joint wrongdoers."

The *Beckwith case* expressly overrules the long understood contrary holding found in *Ellis* v. *Bitzer,* 2 Ohio, 89, 15 Am. Dec., 534. The further case of *City of Cleveland* v. *Hanson,* 15 Ohio App., 409, which

is affirmed in 105 Ohio St., 646, 138 N. E., 925, upon authority of the *Beckwith case,* is especially significant because of the fact that it represents almost a similar state of facts as appears in *Morris* v. *Woodburn, supra.* In both of these cases the injured party fell through the sidewalk into excavated cavities made by the adjoining property owners, the cause of injury in each instance being due to natural wear and decay. The *Bello case, supra,* cites *Morris* v. *Woodburn* with approval. The interesting fact appears that it was held in the *Morris case* that the torts were ''concurrent and related.'' It must therefore follow that it now makes little or no difference if the tort be joint, or concurrent and related, the right in Ohio is now, as said by Judge Wanamaker in the *Beckwith case,* based upon the well-known rules of construction of contracts.

In the present instance the contract of release is broad and sufficient; it contemplates but partial settlement; it foregoes further pursuit of the released party for a consideration, and it expressly reserves the right to seek complete recovery from the county. We therefore determine that the settlement made with the contractor is not a bar to the present action, and that the trial court did not err in its refusal to direct a verdict in the county's favor.

In view of what has been here said it is in fact idle to say that we see no error in that portion of the court's charge objected to. If the court erred in stating a definition of who are joint tort-feasors, as he did not, the error, if any, was immaterial and not prejudicial.

We see no error in the court's refusal to permit the introduction of the county's contract with the contractor *in toto.* That part thereof pertinent to the issue was received in evidence. Its admission in evidence as an entirety would have availed nothing.

Finding no error in this record prejudicial to the rights of the plaintiffs in error the judgment is affirmed.

*Judgment affirmed.*

ROBERTS and NICHOLS, JJ., concur.