ZAHIA SOLOMON, administratrix, *vs.* MARTIN DABROWSKI
& others.

Berkshire.     May 14, 1936. — September 9, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Exceptions: general exception; Motion to limit applica-
    tion of evidence; Discretionary powers of judge; Trial of actions
    together. *Evidence,* General objection to admission of evidence.

A general exception to the admission of evidence, competent in one of
    several actions being tried together although not competent in the
    action against the excepting party, will not be sustained; and the
    excepting party cannot as of right require the trial judge to grant a
    request, made for the first time at the close of the evidence, to instruct
    the jury not to consider such evidence in the action against him.

TORT. Writ in the Superior Court dated June 9, 1932.

The action was tried before *F. T. Hammond,* J. There was
a verdict for the plaintiff in the sum of $9,800, of which the
plaintiff remitted all in excess of $5,000. The defendants
alleged exceptions.

*F. M. Myers,* for the defendants.

*F. de L. Cunningham,* for the plaintiff.

QUA, J.   This action for death of the plaintiff's intestate was tried with seven other actions, all arising out of a collision in Cheshire between an automobile in which the plaintiff's intestate and one Meloveck were passengers and a motor truck operated by one Jura for whose conduct the plaintiff contended the defendants in this action were responsible.   Among the actions tried with this one were actions by Meloveck against the driver and the owner of the automobile in which the plaintiff's intestate and Meloveck were riding.

The judge admitted evidence that the defendants had caused a sum of money to be paid to Meloveck upon a covenant by him not to sue the defendants.   This evidence was clearly competent in reduction of any damages recoverable by Meloveck in his actions.   *O'Neil* v. *National Oil Co.* 231 Mass. 20, 29.   Counsel for the present defendants excepted to the admission of this evidence, but did not at the time of its admission request the judge to instruct the jury that it did not apply to the action against the defendants or to limit its application in any way, and the judge did not do so.   At the close of the evidence the defendants requested the judge to instruct the jury that they were not to consider the fact that payment was made to Meloveck as in any way bearing upon or affecting the issues in this case.   The judge refused this request.

The rule is that a general objection and exception to evidence will not prevail, if the evidence is competent for any purpose, and that the objecting party must call the attention of the judge specifically to any limitations which he believes should be imposed upon its application to the issues. *Earle* v. *Earle,.* 11 Allen, 1.   *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, 283.   *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201.   The same rule is held to apply where there are several parties or where, as here, several cases are tried together, and evidence is offered which is competent as to one or more parties or cases and not competent as to others.   *Williams* v. *Taunton*, 125 Mass. 34, 39.   *New Hampshire Fire Ins. Co.* v. *Healey*, 151 Mass. 537.   *Produce Exchange Trust Co.* v.

*Bieberbach*, 176 Mass. 577, 581. It is also the rule that objections and exceptions relating to matters of evidence, unless the judge by admitting the evidence *de bene* or in some other manner orders otherwise, must be taken seasonably when the evidence is offered and that such objections cannot as of right be insisted upon by means of motions to strike out or requests for rulings after the close of the evidence. *Orpin* v. *Morrison*, 230 Mass. 529, 531. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 404. *Crowley* v. *Swanson*, 283 Mass. 82. *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 568. Compare *Higgins* v. *Shepard*, 182 Mass. 364; *Clarke* v. *Fall River*, 219 Mass. 580, 586.

The reasons for these rules are to be found in the necessity for informing the judge fully of the precise nature of the objection and for careful and orderly procedure as the case progresses and in the confusion and possible unfairness to opposing parties which would result, if such matters were allowed to accumulate to be dealt with after the close of the evidence, when it might be difficult to meet contentions then made for the first time. We think it follows from these principles and from the grounds upon which they rest that the time for presenting questions as to the applicability of evidence both as to issues and parties is the time when the evidence is offered, if it is reasonably possible to present them at that time. A mere general objection, without explanation of any kind, although made by only one of several parties, fails to call attention to the reasons which may render the evidence applicable to one party or case rather than to another party or case. After the close of the evidence it is too late to present as of right a request for a ruling which is equivalent to a motion that the evidence be stricken out of the case. At that stage the extent to which justice may require a review of the previous course of the trial and the allowance to parties of a second opportunity to present questions which could have been presented before and which were not expressly reserved must commonly rest in the discretion of the judge.

The other request for ruling made by the defendants was granted in substance.

There was evidence for the jury that the defendants were legally responsible for the conduct of Jura in driving the truck.  Registration of the truck in their name was enough.  G. L. (Ter. Ed.) c. 231, § 85A.  *Thomes* v. *Meyer Store Inc.* 268 Mass. 587.  *Greenburg* v. *Gorvine,* 279 Mass. 339.  There was no error in the refusal of the judge to set aside the jury's finding on this point.

*Exceptions overruled.*