[Civ. No. 6088.   Third Appellate District.—November 23, 1938.]

ROLAND ELLIS, Respondent, v. JEWETT RHODES
MOTOR COMPANY (a Corporation), Appellant.

George M. Naus for Appellant.

Frank Thompson and Edward J. Jose for Respondent.

PULLEN, P. J.—Plaintiff was a passenger in a car owned
and operated by Wm. H. Jewett, who was then about the
business of defendant Jewett Rhodes Motor Company, a cor-

poration. The car, due to negligent operation by Jewett, left the highway, injuring plaintiff.

An action was brought by Ellis against Jewett and the Motor Company. On the first trial a jury found for defendants. A new trial was granted which was affirmed by this court (*Ellis* v. *Jewett, etc.*, 18 Cal. App. (2d) 629 [64 Pac. (2d) 432]), where may also be found a recital of the facts surrounding this accident. Upon a second trial the jury disagreed.

After the *remittitur* came down on the former appeal, the action was dismissed as to defendant Jewett individually, and the case went to trial a third time. A verdict of $15,000 was rendered by a jury against appellant Jewett Rhodes Motor Company, the sole defendant, and judgment was entered accordingly. This appeal is from that judgment.

The pleadings are the same as were before the court on the former appeal except for a supplemental answer filed at the beginning of the third trial. Under this supplemental answer there was brought into the case the fact that the insurer of Jewett, the individual, paid to plaintiff $2,000, and that there was on file a dismissal without prejudice as to Jewett; also certain waivers of the statute of limitations and a document entitled, "Covenant Not to Sue", which was entered into between Ellis, plaintiff herein, and Jewett.

This judgment is too long to incorporate, but it recited the injuries to plaintiff and the filing of the action, the payment of $2,000 to Ellis by Jewett and the dismissal of the action, being, however, a dismissal without prejudice to the commencement of a new action; the waiver of the statute of limitations, and a provision that Ellis as first party would not commence any action against Jewett or his indemnitors on account of any injuries sustained in the accident. It further provided that the payment was not to be construed as a payment in satisfaction for any injuries sustained by plaintiff nor as an admission of liability by Jewett. Furthermore, the payment was not intended as and should not be deemed a release against Jewett or his insurance carrier, nor was it intended as a covenant or release of Jewett Rhodes Motor Co. or its insurer.

Upon these facts appellant claims the evidence is insufficient to support the verdict or judgment because the $2,000 paid Ellis operated to release appellant. This point was fully pre-

sented to the court by motion to dismiss at the beginning of the case, by motion for nonsuit at the end of plaintiff's case in chief, and renewed at the close of all the evidence and now upon appeal as a matter of law.

At the outset appellant recognizes the validity and effect of a covenant not to sue as heretofore decided in *Kincheloe* v. *Retail Credit Co.*, 4 Cal. (2d) 21 [46 Pac. (2d) 971], and similar cases, but attempts to distinguish this case from the facts therein that here the liability of appellant must rest upon *respondeat superior* and therefore as between appellant and Jewett the latter is the party primarily and ultimately liable. That is the only point presented on this appeal. In support of its contention that when the liability of a master rests upon *respondeat superior*, whatever exonerates the servant operates as a matter of law to exonerate the master, appellant cites *Davison* v. *Diamond Match Co.*, 10 Cal. App. (2d) 218 [51 Pac. (2d) 452]; *Fimple* v. *Southern Pac. Co.*, 38 Cal. App. 727 [177 Pac. 871]; *Thompson* v. *Southern Pac. Co.*, 31 Cal. App. 567 [161 Pac. 21]; *Bradley* v. *Rosenthal*, 154 Cal. 420, 425 [97 Pac. 875, 129 Am. St. Rep. 171]. In these cases, however, it will be noted that they are not based upon any covenant not to sue, but in each case the servant was exonerated by a judgment on the merits. This distinction seems to be made in *Bosse* v. *Marye*, 80 Cal. App. 109 [250 Pac. 693]. That was an action for personal injuries suffered by plaintiff as a result of being struck by an automobile occupied by the daughter of Rudolph Spreckels and driven by Helen Marye. The car was owned by Spreckels, although Miss Spreckels held a license to operate an automobile, granted her upon the written application of her father. Upon the trial, a nonsuit was granted as to the parents of Miss Marye, and a verdict was then rendered against Spreckels, but no verdict was returned against his codefendants, Helen Marye or Claudine Spreckels. It was conceded upon the appeal the liability of Spreckels was purely statutory, incurred by reason of his having signed the application for issuance of a license to his daughter, a minor, under a provision of the Vehicle Act. Spreckels contended, under these facts, that the measure of his liability was the same as that imposed upon a master in a case based upon *respondeat superior*, and no verdict having been found against his daughter, he could not be held responsible, citing *Fimple* v. *South-*

*ern Pac. Co., supra,* and *Bradley* v. *Rosenthal, supra,* and *Tolley* v. *Engert,* 71 Cal. App. 439 [235 Pac. 651]. The court held, however, that the cases relied upon were not in point because in each of these the party primarily liable had been exonerated by a verdict of a jury, while in his case the codefendants had not been exonerated, as the jury had merely failed to return any verdict as to them. The court in *Bosse* v. *Marye, supra,* also cited and quoted with approval from *Melzner* v. *Raven Copper Co.,* 47 Mont. 351 [132 Pac. 552]. The court there said:

"The company still has whatever right of action it ever had against McPherson. It never did have any absolute right to his presence as a defendant in this particular case. That was optional with the plaintiff. Had McPherson not been joined in the first instance, the cause would have proceeded without him, its merits would have been exactly the same, it would have been supported by substantially the same evidence, and the fairness of the trial wherever had would have been entirely unaffected. How, then, is it affected by the circumstance that no adjudication was made as to McPherson, who, though made a party, was not a necessary one?"

*Shippy* v. *Peninsula Rapid Transit Co.,* 97 Cal. App. 367 [275 Pac. 515], is to the same effect. There respondent during the trial dismissed as to appellant Claus, the driver of the motor bus. The same objection was raised as in the Bosse case. The court held such dismissal was not a judgment of *res adjudicata* upon the facts, that Claus was not a necessary party to the action, and respondent was under no legal obligation to maintain his action against Claus to judgment and appellant had suffered no prejudice by the dismissal. Appellant still had its right to proceed against its agent and recover from him if it cared to exercise that right. "It is not the failure to obtain a judgment on the merits against the agent which releases the principal", the court said, "but the exoneration of the agent by judgment on the merits."

Appellant relies upon two cases, one from Ohio and one from North Carolina, but these cases also are distinguishable.

In *Bello* v. *City of Cleveland,* 106 Ohio St. 94 [138 N. E. 526], plaintiff had brought an action against Bardons & Oliver, in which a judgment "dismissed and settled" was entered. Under the laws of Ohio, Bardons & Oliver and

City of Cleveland could not be joined in the same action. Plaintiff then sued City of Cleveland, but the court held that the covenant with Bardons & Oliver was in fact a release as it contained no reservation of a right of action against the City of Cleveland. It was clearly the intention of Bardons & Oliver to settle the action and not subject themselves to an action by the city for contribution in case the city might be held liable in a second action.

In *Brown* v. *Town of Louisburg*, 126 N. C. 701 [36 S. E. 166, 78 Am. St. Rep. 677], a written release was given without reservation of rights except an oral agreement that the judgment was not accepted in full satisfaction. The court held that Ponton (the party paying) must be protected in his right under the contract, and he could not be protected if the City of Louisburg were called to recover from him whatever damages it might be compelled to pay plaintiff. Such an effect would be a complete destruction of his right under his contract with plaintiff. In the instant case Jewett, knowing he might in the future be compelled to meet a demand for reimbursement by appellant, agreed that respondent should retain his right to proceed against appellant. In *Rogers* v. *Dietsche*, 50 Ohio App. 326 [198 N. E. 194], referring to *Adams Express Co.* v. *Beckwith*, 100 Ohio St. 348 [126 N. E. 300], it is said:

"Where a joint tort feasor is released in general and unqualified terms for a consideration, it inures to the benefit of all other joint wrongdoers; but 'where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.

" 'Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction *pro tanto* to the party wronged, and to the extent works a discharge of all joint wrongdoers.' "

In the covenant before us it was agreed that there was no payment in satisfaction of respondent's injury; that it did not release Jewett nor his insurers, that it should not affect respondent's right to proceed against appellant, and that it

o

could not be pleaded as a defense or bar to further action against Jewett.

■ There is no right of contribution between joint tort feasors, but one debtor can compel contribution from his co-debtor or surety. Therefore at common law a release of one joint debtor released all, for if the released debtor could thereafter be sued for contribution his release would be of no value. With us, however, a release with reservations is recognized. In *Northern Ins. Co.* v. *Potter*, 63 Cal. 157, the difference is clearly pointed out. The same rule applies in New York. (*Morris* v. *North American Mercantile Agency Co.*, 53 Misc. 574 [103 N. Y. Supp. 761].)

No other points are urged that would change our views as above expressed. The judgment should be affirmed, and it is so ordered.

Thompson, J., and Maxey, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 19, 1939.