[S. F. No. 17010.   In Bank.   Jan. 30, 1945.]

LAURENCE LAURENZI, Appellant, v. GEORGE VRANIZAN et al., Respondents.

Albert Picard and Francis McCarty for Appellant.

John J. O'Toole, City Attorney, Henry Heidelberg and Reynald J. Bianchi, Deputies City Attorney, Myrick & Deering and Scott, James Walter Scott and A. B. Bianchi for Respondents.

SHENK, J.—Plaintiff has appealed from a judgment for the defendants in an action to recover damages for personal injuries sustained by plaintiff under the following circumstances:

On July 1, 1940, at about the hour of 4:25 a. m., plaintiff

was walking in a northerly direction on the easterly sidewalk of Front Street, between Washington and Jackson Streets, in San Francisco, and more particularly in front of the premises known as 522 Front Street. The building abutting the sidewalk at this point was owned by the defendant George Vranizan. Vranizan leased the building to the defendants Charles, John G. and Joseph Vinci, partners doing business under the name of Oregon Restaurant. Approximately eight years prior to the date above mentioned, Vincis subleased a portion of the building to the defendants Louis Ferro and A. Vannucci, doing business as the L. Ferro Produce Co. On this early morning the sidewalk in front of the building was wet. There were crates of vegetables stacked from the curb line a distance of 3 or 4 feet towards the property line, and crates of peas and beans stacked from the property line toward the curb for about the same distance, leaving a space of 3 to 4 feet in the middle of the sidewalk between the crates of produce. There were carrot tops scattered on the sidewalk. It was dark but there was one light burning in front of the Ferro premises. As Laurenzi was going past those premises, he slipped, skidded a few inches on the sidewalk, and his heel wedged in a hole in the sidewalk as he reached for a crate near the curbline. The wedging of his heel caused him to pivot around, cracking the heel bone, and he fell with his foot under his body, facing the Ferro store, sustaining the injuries complained of. The hole in the sidewalk was described by the plaintiff as about 2 to 2½ inches deep, 3 or 4 to 5 or 6 inches wide at the north end, 2 inches wide at the south end, and about 12 inches long. Plaintiff's witness Louis Ferro described the hole in the sidewalk as being about ½ inch deep and 1 or 1½ inches wide; he did not state the length. He also stated that he did not remember whether the hole was present when he first rented the premises from the Vincis, but did remember that a hole had been there for a period of four or five years. Plaintiff admitted that he had passed the Ferro premises daily for two weeks prior to the accident, as often as four times a day, but that he had not previously noticed the hole in the sidewalk.

The complaint contained three counts. The first was a cause of action against all of the defendants, including the defendant city and county of San Francisco under the Public Liability Act of 1923 (Stats. 1923, p. 675; Deering's Gen. Laws, 1937, Act 5619), for negligent use and maintenance of

the sidewalk in a state of disrepair. The second was a cause of action against all of the defendants except the city for conspiring to maintain and for maintaining a nuisance by virtue of the vegetable matter on the sidewalk in alleged violation of city ordinances. By the third count the plaintiff sought to hold all the defendants on account of the alleged dangerous and defective construction of the sidewalk. The defendants filed separate answers containing denials and the affirmative plea of contributory negligence. The plaintiff subsequently dismissed the action as against the defendant L. Ferro Produce Co., and the trial proceeded against the remaining defendants.

The case was tried before a jury. At the conclusion of the presentation of plaintiff's evidence each of the remaining defendants made a motion for nonsuit, and each motion was granted. This appeal is taken from the judgment entered in favor of those defendants.

Under the familiar rule governing nonsuits, the question is whether the trial court, considering alone the evidence in plaintiff's favor, properly concluded that there was no evidence legally sufficient to support a verdict for him. This contention must be considered with respect to the remaining defendants: the owner of the property abutting the sidewalk, the sublessors, and the city and county of San Francisco.

### The Defendant Vranizan, Owner.

The demurrer of this defendant, owner of the building, was sustained as to counts one and two, without leave to amend, and he filed his answer to count three of the complaint. The plaintiff contends the ruling on the demurrer as to counts one and two was erroneous. The plaintiff sought to introduce evidence that in leasing to L. Ferro Produce Co., the owner and the sublessors consented to and permitted the use of the premises and sidewalk in front of the store for the storage and sale of produce. He also sought to introduce evidence of ordinances prohibiting the use of the sidewalk for such purposes. The trial court excluded the offered evidence. Whether a nuisance was thereby created was a question for the jury under proper instructions. If the plaintiff could show that the owner acted affirmatively in the creation or maintenance of a nuisance, or authorized or permitted such a nuisance, or such a nuisance resulted from the ordinary use of the premises by the tenant, or from the purposes for

which they were let, the owner would be liable. (*Rider* v. *Clark*, 132 Cal. 382, 387 [64 P. 564]; *Meloy* v. *City of Santa Monica*, 124 Cal.App. 622, 627 [12 P.2d 1072].) The plaintiff was entitled to go to trial on the tendered issues and any defense thereto, and the trial court erroneously sustained the defendant Vranizan's demurrer to counts one and two charging negligent maintenance and nuisance.

■ In the third cause of action it was charged that at the time of the accident the sidewalk was in a dangerous condition; that such dangerous condition was caused by dangerous construction of the sidewalk, and that it existed since its construction to and including the first day of July, 1940, with the knowledge and consent of the defendant city and county of San Francisco. Vranizan testified that he constructed the sidewalk in 1908 in compliance with the city's specifications. His was the only testimony in the record with reference to the construction of the sidewalk. The action of the trial court in granting the motions of all of the defendants for a nonsuit as to the third cause of action was therefore proper, there being no substantial evidence to sustain the allegations of that count.

### THE DEFENDANTS VINCI, SUBLESSORS.

■ The plaintiff sought to introduce the same evidence as to the defendants Vinci, tenants of Vranizan and the lessors under the sublease to L. Ferro Produce Co., under which he contended that the owner and the sublessors authorized and permitted the creation and maintenance of the alleged nuisance on the sidewalk, and which was ruled out by the trial court. The remarks and conclusions pertinent to the disposition of the rulings on the owner's demurrer to the first and second counts are applicable here. The trial court erred prejudicially in precluding the introduction of evidence as to affirmative action or consent on the part of the sublessors in the creation or maintenance of the alleged negligent condition or nuisance. The issues in this connection also were properly for the jury's determination. The court therefore erroneously granted these defendants' motion for nonsuit as to those issues.

### THE DEFENDANT CITY AND COUNTY OF SAN FRANCISCO.

■ The remaining question is whether the plaintiff produced evidence sufficient to bring the city and county of San

Francisco within the provisions of the Public Liability Act.

The plaintiff alleged the filing and rejection of a claim against the city, and notice to the city of the alleged dangerous or defective condition of the sidewalk. The granting of the city's motion for nonsuit was erroneous if there was evidence of a dangerous or defective condition, also of notice or knowledge on the part of the city that a dangerous or defective condition existed, that the city had reasonable time after such notice or knowledge within which to remedy the condition, and that injury to the plaintiff resulted by reason thereof. (Stats. 1923, p. 675, § 2.)

It was in evidence that the hole in the sidewalk was 2 to 2½ inches deep, 3 or 4 to 5 or 6 inches wide at the north end, 2 inches wide at the south end, and about 12 inches long, and that it had existed for four or five years. The plaintiff passed over this particular sidewalk at least four times a day for approximately two weeks prior to the accident, but had not previously noticed the hole. The Inspector of the Bureau of Engineering of the city and county testified that it was his duty to inspect sidewalks, that his district included the sidewalk in question, that he inspected this sidewalk in December of 1939, six months prior to the plaintiff's injuries, that at that time he saw nothing in the condition of the sidewalk to cause him to send a notice to the owner to repair it, and that he perceived no condition which was a hazard to pedestrians. He also testified, however, that if he had seen a hole of the dimensions in evidence and as pictured in the photographs shown to him, he would have considered it hazardous and would have sent a notice to repair.

It is established that in order to fix liability on a municipality under the statute it is necessary that the plaintiff establish not alone notice, actual or constructive, to the municipality of the condition of the sidewalk, but also notice of the dangerous character of such condition (*Whiting* v. *City of National City*, 9 Cal.2d 163 [69 P.2d 990]), and the failure to remedy it within a reasonable time after such notice or knowledge (*Watson* v. *City of Alameda*, 219 Cal. 331 [26 P.2d 286]). There was no evidence of actual notice to the city and county. In *Nicholson* v. *City of Los Angeles*, 5 Cal.2d 361, it was said at page 364 [54 P.2d 725]: "Constructive notice ordinarily involves, as an essential element, actual notice of facts or circumstances which are sufficient

to put a prudent person on inquiry as to the existence of the fact with respect to which he is charged with constructive notice. It is so provided in our code definition. (Civ. Code, sec. 19.) . . . Consequently there must be shown, in order to charge the city with constructive notice under these principles, some element of conspicuousness or notoriety so as to put the city authorities upon inquiry as to the existence of the defect or condition and its dangerous character. It is equally clear, we think, that where the city is charged with constructive notice on the basis of a duty to inspect, it must be made to appear that a reasonable inspection would have disclosed the defect or dangerous condition; that is, that had there been no neglect of duty there would have been actual notice on the part of the city officers.''

█ Here the fact that the inspector on his rounds actually failed to see the condition is not conclusive. He also admitted that if he had seen a condition of the sidewalk such as that testified to and pictured in the photographs, he would have considered it hazardous and as requiring a correction of the defect or condition. In view of that evidence, it cannot be said as a matter of law that the defect was such a minor defect to be insufficient to impose liability upon the city for injuries resulting therefrom. (See *Nicholson* v. *City of Los Angeles, supra; Whiting* v. *City of National City, supra; Balmer* v. *City of Beverly Hills,* 22 Cal.App.2d 529 [71 P.2d 854].) As was said in *City of San Diego* v. *Perry,* 124 F.2d 629, at page 631, citing the cases of *Nicholson* v. *City of Los Angeles, supra,* and *Whiting* v. *City of National City, supra,* ''It thus appears that under the California law the city is presumed to have notice of the existence of defects which are conspicuous, and that the rule is otherwise if the defects are minor.''

The issue of the city's liability on the evidence introduced in this case was therefore properly for the jury and the court erred in granting the city's motion for a nonsuit.

The issues raised by the affirmative pleas of contributory negligence under the facts in evidence were also for the jury.

█ Contentions as to other rulings excluding evidence do not require discussion except to note that the rulings excluding offered evidence of previous accidents and of subsequent repairs were proper for the reason that the evidence of prior accidents was not confined to accidents caused by this par-

ticular hole in the sidewalk; and the evidence of subsequent repairs would tend only to prove knowledge after the accident and not the prior knowledge which the Public Liability Act requires (*Helling* v. *Schindler*, 145 Cal. 303, 312 [78 P. 710]; *Meyer* v. *San Francisco*, 9 Cal.App.2d 361, 364 [49 P.2d 893]; *Gorman* v. *County of Sacramento*, 92 Cal.App. 656, 665 [268 P. 1083]).

The contention is made that the court erred in admitting evidence over objection that the sum of $3,175 was paid to the plaintiff by L. Ferro Produce Co. prior to the latter's dismissal from the action. The dismissal was made without prejudice, and, so the plaintiff claims, the consideration stated was received in return for a covenant not to sue. The question is not an issue on this appeal, but the plaintiff asks that the rule be declared at this time for the guidance of the court on a retrial. In *Kincheloe* v. *Retail Credit Co., Inc.*, 4 Cal. 2d 21 [46 P.2d 971], and *Ellis* v. *Jewett Rhodes Motor Co.*, 29 Cal.App. 2d 395 [84 P.2d 791], it was pointed out that the rule that a release of one of several joint tort feasors operates as a release of all does not apply to a covenant not to sue inasmuch as such an agreement does not have the effect of a release. The distinction is recognized in Restatement of the Law of Torts, section 885, where it is stated that, although a covenant not to sue does not discharge another who is liable for the same harm, payments by one tort feasor on account of a harm for which he and another are each liable, diminish the amount of the claim against the other whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment. Since the plaintiff can have but one satisfaction, evidence of such payments is admissible for the purpose of reducing *pro tanto* the amount of the damages he may be entitled to recover. (See *Butler* v. *Ashworth*, 110 Cal. 614 [43 P. 4, 386]; *Daniels* v. *Celeste*, 303 Mass. 148 [21 N.E.2d 1, 128 A.L.R. 682]; *Solomon* v. *Dabrowski*, 295 Mass. 358 [3 N.E.2d 744, 106 A.L.R. 464]; *Brandstein* v. *Ironbound Transportation Co.*, 112 N.J.L. 585 [172 A. 580, 104 A.L.R. 926]; *Young* v. *Anderson*, 33 Idaho 522 [196 P. 193], and cases cited at p. 194 [of 196 P.].)

The judgment entered on the order granting the motions for nonsuit as to count three is affirmed. The judgment entered on the order granting the motions for nonsuit as to counts one and two is reversed. The judgment entered on the order

sustaining the demurrer of the defendant Vranizan is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondent's petitions for a rehearing were denied March 1, 1945. Spence, J., did not participate therein.