[Civ. No. 17491.   First Dist., Div. Two.   Feb. 26, 1958.]

EDNA REEDER et al., Appellants, v. AL HOAG et al.,
Respondents.

42

Popper, Burnstein & Michaels for Appellants.

Keith, Creede & Sedgwick for Respondents.

DRAPER, J.— Plaintiff Edna Reeder drove the automobile of her son, Max, from San Lorenzo. to Oakland. She had some difficulty with the brakes and took the car to the service station of defendant Mazzie to have them repaired. Mazzie examined the brake system, determined that the difficulty was in the master cylinder, and told Mrs. Reeder that he would not have time to repair it but would arrange to have the job done by another. He sent the car to de-

fendant Hoag, who operated a brake repair shop, at about 3 o'clock p. m. Mazzie told Mrs. Reeder to return for the car at 5 p. m., although he knew the job could not be done in two hours. Mrs. Reeder returned for her car at about that time. Mazzie telephoned Hoag who said that he was having trouble with the master cylinder. The car was returned to the service station at about 5:30. Hoag told Mrs. Reeder that the brake system should be gone over completely, that it would work for a while, and that he did not guarantee the brakes. Mazzie's usual practice was to test cars on which work had been done. He did not check this job, but nonetheless told Mrs. Reeder that the car was safe. On her way home, as Mrs. Reeder drove at about 10 miles per hour, the brakes failed. To avoid collision with other cars, she turned into the curb and struck a parking meter. She brought this action for personal injuries, and her son joined as a plaintiff, seeking recovery for the damage to his car. Both Mazzie and Hoag were made defendants. Before trial, Mazzie paid $600 to Mrs. Reeder and took from her a covenant not to execute. He was not represented at trial. Upon Mrs. Reeder's claim, jury verdict was in her favor and against Mazzie in the sum of "zero dollars" and in favor of defendant Hoag and against her. As to Max Reeder, verdict was against Mazzie in the sum of $238.75, the amount claimed as property damage, but in favor of Hoag. Both plaintiffs appeal.

Appellants urge that Mazzie could be held liable only as principal and that a finding against him necessarily implies a finding that his agent, Hoag, was negligent. Upon this premise, they contend that the verdicts against Mazzie and in favor of Hoag are inconsistent with each other and with the evidence, and that the court erred in instructing that such verdicts could be returned.

Even if the claims of error are sound, Mrs. Reeder is not a party prejudiced. The jury was instructed that any verdict in her favor must be diminished by the $600 she had received from Mazzie. This instruction was correct (*Laurenzi* v. *Vranizan*, 25 Cal.2d 806, 813 [155 P.2d 633]). The jury was fully and fairly instructed as to damages which might be awarded to Mrs. Reeder. Thus the verdict in her favor against Mazzie for "zero dollars" clearly amounts to a jury finding that her damages did not exceed $600. ■ It is therefore proper to assume that the verdict in favor of Hoag was similarly predicated upon Mrs. Reeder's failure to show compensable damage (see *Nelson* v. *Black*, 43 Cal.2d

612 [275 P.2d 473]). It would be an idle act to remand this case for entry of a judgment in favor of Mrs. Reeder and against Hoag for nothing, in place of the present judgment in favor of Hoag.

Max Reeder recovered the full amount for which he prayed, $238.75. However, he apparently claims prejudice in the failure of the jury to hold Hoag, as well as Mazzie liable. ■ Of course, in a negligence action based wholly on *respondeat superior,* judgment against the principal presupposes a finding that the agent was negligent (*Spruce* v. *Wellman,* 98 Cal.App.2d 158 [219 P.2d 472]). But this case was not tried on the theory that Mazzie was the principal and Hoag his agent. No instructions upon agency were requested or given. Appellants cannot, on appeal, urge inconsistencies which can be found only if the verdicts were based upon a theory never presented to the trial court.

■ We are required to view the evidence in the light most favorable to the jury's conclusion (*Jordan* v. *Guerra,* 23 Cal.2d 469, 476 [144 P.2d 349]). So viewed, the evidence supports the verdicts against Mazzie upon a theory other than that of agency, and thus defeats the claim of inconsistency. The testimony is subject to the construction that Hoag was free of negligence because he was engaged by Mazzie to do such work as could be completed within the time allotted, performed this task, and advised Mrs. Reeder that further work was needed and that he could not guarantee the brakes in their then condition. Mazzie, who ordered the work done by Hoag, told Mrs. Reeder to return for the car at an hour he knew would not allow the time needed for the repairs. Even when Hoag advised that he was having trouble with the work, Mazzie did not extend the time. Then, without examining or testing the brakes, he told Mrs. Reeder that the car was safe and returned it to her for use. Under all the circumstances, the jury could well find that he breached his duty of care and is liable independently of Hoag.

■ Appellants also assert error in the court's failure to instruct upon the law of principal and agent. But appellants requested no such instruction, and thus present no question for review (*McFate* v. *Zuckerman,* 130 Cal.App. 172, 179 [19 P.2d 532]; 3 Cal.Jur.2d 643-645).

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.