[Civ. No. 17753. First Dist., Div. Two. Nov. 5, 1958.]

SADYE REINACH, Plaintiff and Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Appellant; TIDE WATER ASSOCIATED OIL COMPANY (a Corporation) et al., Defendants and Respondents.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Appellant.

John J. Taheny for Plaintiff and Respondent.

O'Connor, Moran, Cohn & Hall and Carroll, Davis & Burdick for Defendants and Respondents.

KAUFMAN, P. J.—Sadye Reinach brought this action for personal injuries received when she tripped and fell over a depressed driveway across the sidewalk in front of the gas station leased by defendant Elmore, from the owner, the defendant Tide Water Associated Oil Company (hereafter referred to as "Tide Water"). The suit against the defendant, City and County of San Francisco (hereafter referred to as "City") was based on the City's alleged knowledge or notice of a dangerous condition under the Public Liability Act, Gov-

ernment Code, sections 53050-53051. The City denied that the condition was dangerous, or that it had knowledge thereof, and cross-complained against defendants Tide Water and Elmore, to have its rights to indemnity against them declared. Two days before the trial, in consideration of $6,000 ($3,000 each, paid by the respective insurance companies of Tide Water and Elmore), Mrs. Reinach executed a covenant not to execute in favor of defendants Tide Water and Elmore. Trial was had before the court which awarded Mrs. Reinach a judgment of $12,123.05 against all three defendants, and on the cross-complaint held that the City had no right to indemnity. This appeal is taken by the City from the judgment awarding $12,123.05 to the plaintiff and denying the City relief against Tide Water and Elmore. The City contends that:

(1) The court's finding that the City had notice of a dangerous condition in the sidewalk is without support in the evidence.

(2) The court erred in not subtracting from the judgment the $6,000 received by the plaintiff for her covenant not to execute.

(3) The court erred in denying the City's right to indemnity.

 As to the City's first contention, the evidence indicates that the gas station in question was built between 1919 and 1926. The depressed driveway across the sidewalk was constructed for the purpose of giving access to the grease rack of the service station by Tide Water in violation of a city ordinance requiring a permit and indemnity agreement for such construction. Under the Public Liability Act of 1923, Government Code, sections 53050-53051, the liability of a city for the condition of public streets and sidewalks is limited to dangerous or defective conditions of which the city has notice or knowledge and which the city fails to remedy within a reasonable time. Proof of actual or constructive notice of the existence of a dangerous condition is an essential element of recovery under the statute. (*Barrett* v. *City of Claremont,* 41 Cal.2d 70 [256 P.2d 977].) As pointed out in *Peters* v. *City & County of San Francisco,* 41 Cal.2d 419, at p. 427 [260 P.2d 55], where there is no evidence of actual notice, a city will be charged with constructive notice if the defects have existed for such length of time and are of such conspicuous character that a reasonable inspection would have disclosed them. Here, in view of the conflicting evidence as to size and character of the depression, and whether it was

sufficiently marked, we cannot say as a matter of law that it was not a dangerous condition, or that it was not sufficiently conspicuous to give the City constructive notice.

The City seeks to rely on the rule that a municipality is not liable for injuries resulting from slight defects in a sidewalk from which it may not reasonably be anticipated that accidents may result. (*Whiting* v. *City of National City*, 9 Cal.2d 163 [69 P.2d 990].) Whether or not a defect is major or minor is a question of fact for the sound discretion of the trial court. (*Sheldon* v. *City of Los Angeles*, 55 Cal. App.2d 690 [131 P.2d 874]; *Warren* v. *City of Los Angeles*, 91 Cal.App.2d 678 [205 P.2d 719]; *Barrett* v. *City of Claremont*, 41 Cal.2d 70 [256 P.2d 977].)

The City further argues, in effect, that the evidence indicates as a matter of law that the plaintiff was guilty of contributory negligence. As stated in *Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 at page 424 [260 P.2d 55]:

"It is well settled that, in the absence of notice or knowledge to the contrary, a pedestrian making normal use of the public sidewalk has a right to assume that it is in reasonably safe condition, and while he must use ordinary care for his personal safety and make reasonable use of his faculties to avoid injury to himself, he is not required to keep his eyes fixed on the ground or to be on a constant lookout for danger."

In the same case the court also stated that a pedestrian cannot be held to examine the sidewalk with the same care as would be required of the City in discharging its duty of inspection. The evidence here indicates that at the time of the accident the plaintiff was 80 and in excellent health. She had never been in the neighborhood before. She testified that she wasn't looking down and didn't see anything until she fell. As to the visibility of the depression, whether the day was cloudy or sunny, how well the depression was marked, there was conflicting evidence. Contributory negligence is a question of fact for the sound discretion of the trial court and cannot be disturbed on appeal, except in abuse of discretion. We find no such abuse of discretion here.

The City's second contention of error on appeal is the failure of the trial court to take into account the $6,000 received by Mrs. Reinach from the other two defendants for her covenant not to execute. The agreement is referred to as a "release" in the amended answer of appellant City, which

asks that "plaintiff take nothing." The covenant expressly states that it is not a release and does not represent the value of the damages suffered by Mrs. Reinach, but states that it may be pleaded as a bar to all further actions of the plaintiff against Tide Water and Elmore. At the trial it was admitted that Mrs. Reinach had received a total of $6,000 compensation for her damages. *Ellis* v. *Jewett Rhodes Motor Co.*, 29 Cal. App.2d 395 [84 P.2d 791] and *Pellett* v. *Sonotone Corp.*, 26 Cal.2d 705 [160 P.2d 783, 160 A.L.R. 863], cited by the plaintiff in support of the judgment, are not relevant here. In *Laurenzi* v. *Vranizan*, 25 Cal.2d 806 at page 813 [155 P.2d 633], the court said:

"In *Kincheloe* v. *Retail Credit Co., Inc.*, 4 Cal.2d 21 [46 P.2d 971], and *Ellis* v. *Jewett Rhodes Motor Co.*, 29 Cal.App. 2d 395 [84 P.2d 791], it was pointed out that the rule that a release of one of several joint tort feasors operates as a release of all does not apply to a covenant not to sue inasmuch as such an agreement does not have the effect of a release. The distinction is recognized in Restatement of the Law of Torts, section 885, where it is stated that, although a covenant not to sue does not discharge another who is liable for the same harm, payments by one tort feasor on account of a harm for which he and another are each liable, diminish the amount of the claim against the other whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment. Since the plaintiff can have but one satisfaction, evidence of such payments is admissible for the purpose of reducing *pro tanto* the amount of the damages he may be entitled to recover. (See *Butler* v. *Ashworth*, 110 Cal. 614 [43 P. 4, 386]; *Daniels* v. *Celeste*, 303 Mass. 148 [21 N.E.2d 1, 128 A.L.R. 682]; *Solomon* v. *Dabrowski*, 295 Mass. 358 [3 N.E.2d 744, 106 A.L.R. 464]; *Brandstein* v. *Ironbound Transportation Co.*, 112 N.J.L. 585 [172 A. 580, 104 A.L.R. 926]; *Young* v. *Anderson*, 33 Idaho 522 [196 P. 193], and cases cited at p. 194 [of 196 P.].)"

Plaintiff's further argument that the City's proper remedy was a motion for partial satisfaction is negated by her refusal to comply with Code of Civil Procedure, section 675, and her opposition to this appeal. Double recovery is not permitted in this state or elsewhere. Recently in *Reeder* v. *Hoag*, 158 Cal. App.2d 41 [321 P.2d 793], we affirmed an instruction that any verdict in favor of the plaintiff must be diminished by the amount received before trial in consideration of a covenant

not to sue. We think therefore the trial court was in error in refusing to reduce the amount of the judgment by $6,000.

The issue of indemnity raised by the City's final contention has just been determined in this state in *City & County of San Francisco* v. *Ho Sing & Ho Lum Shee, No. S.F. 19977*, 51 Cal.2d 127 [330 P.2d 802], Supreme Court opinion filed on October 24, 1958. In that case, as in this one, the City and County of San Francisco sought to recover by way of indemnity the amount which it had been compelled to pay to a pedestrian for injuries received when he fell and tripped over a defect in the sidewalk in front of premises owned by defendants, who had constructed the sidewalk for their exclusive benefit. The Supreme Court said: ''We conclude that where an adjoining property owner for the exclusive benefit of his own property places in a public street or sidewalk some artificial structure and a city is compelled to pay compensation in damages to a member of the public injured thereby, the city has a right to recover the amount so paid from the property owner by way of indemnity.''

The fact that the defendant Elmore is liable as a lessee, rather than a property owner, in no way affects the City's right to indemnity from him. It is well settled that a lessee is liable for a condition antedating the lease and that his liability is not affected by the concurrent liability of the landlord. (*Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375 [240 P.2d 580]; *Hamelin* v. *Foulkes*, 105 Cal.App. 458 [287 P.2d 526]; Restatement of Torts, §§ 364, 366, 379; 2 Harper & James, The Law of Torts, § 27.20; Prosser on Torts, 2d ed., p. 465.) The lessee like the landowner is equally liable to the injured party, but as between the City and the landowner and the lessee, the landowner and lessee are more at fault, as they have violated duties toward the City as well as to the users of the street.

Judgment reversed with directions to the trial court to enter a new judgment giving credit to appellant city for $6,000 previously received by respondent and giving appellant a judgment of indemnity for the balance of the original judgment against defendants Elmore and Tidewater Associated Oil Company.

Draper, J., concurred.