[Civ. No. 27862. First Dist., Div. Three. Nov. 30, 1971.]

JOHN H. WOULDRIDGE, Plaintiff and Appellant, v.
RONALD S. ZIMMERMAN et al., Defendants and Respondents.

## Counsel

Harper & Cone and Frederick A. Cone for Plaintiff and Appellant.

Robert C. Burnstein for Defendants and Respondents.

## OPINION

**DRAPER, P. J.**—Plaintiff, vendee of land, seeks damages from the sellers and their agents for false representations inducing the sale. After commencement of trial to a jury, defendant sellers paid plaintiff $10,000 and received a dismissal with prejudice as to sellers only. Later, defendant agents moved to dismiss upon the ground that dismissal of the sellers discharged all defendants. Dismissal was entered, and plaintiff appeals. It is undisputed that: respondent agents made representations that the first jury found to be false (new trial was granted after that verdict); the dismissal was given before verdict at the first trial; and sellers and their agents were "tortfeasors claimed to be liable for the same tort."

Such a release "shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others . . . in the amount of the consideration paid for it" (Code Civ. Proc., § 877).

Defendants-respondents, however, point to another provision (Code Civ. Proc., § 875), which establishes a right of contribution among tortfeasors. Subdivision (d) of the section provides that "There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person." Respondents quite properly assert that misrepresentations charged against all defendants necessarily were intentional. They argue that if the claims against them be reduced, as required by section 877, by the $10,000 paid by the owners, a "contribution" will be made among intentional tortfeasors, thus violating section 875, subdivision (d). Thus, they argue, we must look to the common law rule that release of one joint tortfeasor releases all.

We cannot agree. Sections 877 and 875 were adopted at the same time (Stats. 1957, ch. 1700) and as part of a comprehensive statutory plan. Thus there is even more reason than in the usual situation to seek a construction which will reconcile the several provisions, and avoid a conflict obviously not intended by the Legislature.

It is only in a strained sense that the *pro tanto* reduction approximates contribution. The purpose of the rule requiring such reduction is to avoid the double recovery and unjust enrichment which a plaintiff would enjoy if he were able to collect part of his total claim from one, and all from another (see *De Cruz* v. *Reid*, 69 Cal.2d 217, 225-226 [70 Cal.Rptr. 550, 444 P.2d 342]; *Laurenzi* v. *Vranizan*, 25 Cal.2d 806, 813 [155 P.2d 633]).

Nor is there true conflict between sections 875 and 877. The former is

designed only to establish a right of contribution among joint tortfeasors equally liable to a plaintiff. It abrogates the common law rule and recognizes equitable considerations to be applied only among joint tortfeasors themselves. Section 877, on the other hand, considers only the right of the plaintiff against the several tortfeasors. "The 'equities'. . . considered [by section 875] are those of the wrongdoers among themselves and at all times are subject to the greater 'equity' existing in favor of the innocent injured. . . . The rights of the innocent injured party always do, and always should, remain paramount." (*Thornton* v. *Luce,* 209 Cal.App.2d 542, 552 [26 Cal.Rptr. 393].) Acceptance of respondents' argument would place the rights of the joint tortfeasor above those of the party he injured by depriving plaintiff of his statutory right to settle, before verdicts, with one joint tortfeasor without releasing all.

 The language of the two sections explicitly eliminates the conflict respondents seek to assert. Section 877 applies only to a release given "before verdict or judgment." Section 875, by its terms, applies only after "a money judgment has been entered." The release here was given before either verdict or judgment. Thus only section 877, and not section 875, applies.

It follows that the release of the owners did not discharge the remaining tortfeasors. The dismissal ordered as to them was erroneous, and the case must go to trial as against them.

Judgment reversed.

Brown (H. C.), J., and Caldecott, J., concurred.